EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support modification case.
The parties were divorced in January 1978. The mother was granted custody of the son and daughter of the parties, and the father was ordered to pay to the mother sixty dollars each week as support for the children. In November 1984, the mother filed her present proceedings, whereby she sought an increase in weekly child support, and she further requested that the father be required to pay the medical expenses of the children, including orthodontic care and eye care. After an ore terms trial before the circuit court, a judgment was entered, whereby the modification relief sought by the mother was denied. She appeals and argues, through able counsel, that the trial court abused its discretion in the entry of such a judgment.
The following facts are revealed after viewing the record pursuant to those at *61 tendant presumptions which are accorded to the trial court’s action.
The son is now sixteen years of age, and the daughter is fourteen. The father is current as to his child support payments. The mother remarried a few months after the divorce, and her present husband has a substantial income and therefrom provides for some of the children’s expenses. The mother was employed until she quit her job in 1981 or 1982 in order to stay home with the children. At that time she was making $16,000 per year. Some of the mother’s itemized weekly expenses for the two children were as follows: $73 for food (including school lunches), $25 for clothing, $36 for the son’s and the mother’s car expenses, $79 for the children’s portion of utilities, telephone and housing expenses, $21 for special occasions such as birthdays, and $13 for orthodontic expenses.
In the past six years, the father’s income increased and, after taxes and social security deductions, now amounts to around $18,-000 yearly. He also provides, through his employer, medical and dental insurance coverage for the children. For a period of time following the divorce, he had to sacrifice in order to pay the sixty dollars per week child support payments. He testified that he had no spare money from his income and that he is already doing all that he can do. The children stay with the father when the mother and her present husband take vacation trips, which have included Spain and Hawaii.
The ore tenus rule applies. Therefore, it is presumed that the trial court’s decision was correct. The adjudication of a trial court as to whether child support should be modified falls within the discretion of that court, and we cannot disturb it unless it was so unsupported by the evidence as to be palpably wrong. Stubbs v. Puls, 429 So.2d 1071 (Ala.Civ.App.1983); Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979). Although sixty dollars per week probably does not meet all of the needs of two teenaged children, we cannot say that the trial court abused its discretion in this instance since the ability of the father to pay could not be ignored in fashioning the judgment. In that regard, the father testified that he initially had an extreme hardship in making the weekly payments, and his evidence was such that his total expenses and debt payments presently very nearly equal his take-home pay. Accordingly, the judgment was supported by legal evidence. In short, while aspects of the testimony would have authorized an increase in the amount of child support, other portions of the evidence uphold the trial court’s judgment. Consequently, there was no abuse of discretion, and we have the duty to affirm. Young, 376 So.2d at 739.
The wife’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.