HOLMES, Judge.
This is a child custody modification case.
The parties were divorced in 1980. The wife was awarded custody of the couple’s two minor children and $350 per month child support.
The parties jointly petitioned the court to modify the decree. On September 18, 1984, the court ratified the parties’ agreement, under which the wife retained custody of the couple’s minor daughter and the husband received custody of the minor son. Child support was reduced from $350 per month to $285 per month.
On February 22, 1985, the wife filed a petition to modify, seeking custody of the minor son and an increase in child support. The husband counter-petitioned, seeking custody of the minor daughter.
The trial court, after an ore terms hearing, awarded custody of the minor son to the wife and increased the child support. The husband appeals from this decision.
The dispositive issue on appeal is whether the trial court erred in changing custody of the minor son from the father to the mother and in refusing to order a change in custody of the minor daughter from the mother to the father.
First, we note that the correct standard is: When a parent seeks to gain custody of his child, he must show that, if the *903 child is placed with him, then the child’s welfare and best interests will be materially promoted. In re Young, 456 So.2d 823 (Ala.Civ.App.1984).
From our reading of the record, we found no evidence presented by the father to show that a change in custody would materially promote the minor daughter’s welfare and best interests. Therefore, we find no error in the trial court’s refusal to order a change in custody of the minor daughter from the mother to the father.
The couple’s minor son, who is now seventeen, testified that, during the period that he lived with his father in 1984, they did not get along and he ran away. At the time of the hearing, he was residing with his paternal grandparents. He further testified that, if given the choice of living with his mother or his father, he would choose to live with his mother, and if he had to live with his father again, he would run away.
The father’s mother and sister both testified at the hearing. They stated that it would be better for the children if the mother, rather than the father, had custody of the children.
The above clearly indicates that a change in custody of the minor son would materially promote his welfare and best interests. We, therefore, affirm the trial court’s decision.
The trial court’s order increased the amount to be paid for child support. The order states, in pertinent part: “The Defendant shall pay to the Plaintiff the sum of $300.00 per month as support and maintenance of each of the minor children of the parties.” The father contends that the total amount of child support for both children is $300. The mother contends that the support is $300 for each child. Quite frankly, this court cannot determine what the trial court ordered.
Since the order is ambiguous as to whether the total amount of child support to be paid is $300 per month or $600 per month, we are remanding this portion of the trial court’s decree for clarification.
The wife has requested a fee for representation on appeal. A fee of $300 is awarded.
This case is affirmed in part and remanded in part.
AFFIRMED IN PART AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.