This appeal is from a child support order and the denial of a posttrial motion.
The parties to the present litigation were married on August 22, 1980. Two children were born during the marriage and the parties were divorced on December 12, 1984.
The final divorce decree granted custody of the couple's two minor children to the wife. Additionally, the husband was ordered to pay twenty-five percent of his take-home pay as child support.
On August 27, 1986 the wife filed a petition seeking the modification of the aspect of the final decree regarding child support. The wife also filed a petition for rule nisi requesting the court to enter an order holding the husband in contempt for the nonpayment of his support obligation.
An ore tenus hearing was held on the wife's petitions on December 5, 1986. On December 8, 1986 the trial court entered an order modifying the previous child support decree to require the husband to pay $35 per week. Additionally, the trial court held that the husband was in arrears on his child support payments in the amount of $1,980.23. The trial court found that the husband was in contempt for failure to pay child support, but allowed him to purge himself of contempt by his payment of $25 per month on the arrearage. Finally, the trial court ordered that an income withholding order be served on the husband's employer.
The wife now appeals from the trial court's December 8, 1986 order and contends that the trial court erred in its entry of judgment on the amount of the arrearage and in its entry of the amount to be withheld from the husband's salary to satisfy the arrearage. The wife also contends that the trial court erred in refusing to grant her a new hearing for the purpose of *Page 619 
allowing her to introduce new evidence to assist it in specifically determining the amount of the arrearage.
As previously noted, the wife's first contention of error concerns the trial court's factual findings and judgment on the amount of the arrearage and its determination of the manner in which the husband's wages would be withheld in order to satisfy the accumulated arrearage. We note that the trial court's determination of the amount of an arrearage and the disposition thereof is largely a matter to be left to the sound discretion of the trial court. See, Robbins v. Robbins, 460 So.2d 1355
(Ala.Civ.App. 1984). Also, section 30-3-62(d) provides that any court order issued for the purpose of either enforcing or collecting an accumulated arrearage of child support pursuant to section 30-3-62 shall include the amount to be withheld from the obligor's (the husband's) salary as continuing support, the amount of the arrearage, and the amount to be withheld to satisfy the arrearage. See, § 30-3-62(d), Code 1975 (1986 Cum.Supp.). As previously stated, the amounts required to be withheld from the husband's pay as satisfaction of the arrearage are largely discretionary matters which will not be reversed on appeal absent an abuse of discretion. See, Hawkinsv. Harvey, 481 So.2d 907 (Ala.Civ.App. 1985).
Our review of the record reveals that the parties have failed to certify to this court either a trial transcript or statement of the proceedings pursuant to Rules 10(b)(2) or 10(d), Alabama Rules of Appellate Procedure. When a trial court bases its decision on oral testimony, the transcript of which is completely omitted from the record, this court must assume that the omitted evidence was sufficient to support the judgment below and that the trial court did not abuse its discretion in arriving at that judgment. See, Adams v. Adams, 335 So.2d 174
(Ala.Civ.App. 1976). Furthermore, what little evidence there is in the record supports the trial court's determination. We, therefore, hold that the trial court's determination of the arrearage as well as the amounts to be withheld from the husband's pay to satisfy that arrearage did not constitute an abuse of discretion.
The wife also alleges the trial court erred in refusing to grant a new trial to take additional testimony. Our review of the record reveals that the wife did successfully certify to this court a statement of the proceedings which occurred at the hearing on her motion to alter, amend, or vacate the prior judgment or, in the alternative, a motion for a new trial.See, Rule 10(d), A.R.A.P. The wife's statement of the proceedings reveals that she objected to the trial court's order allowing the husband to purge himself of contempt by paying $25 per month on the outstanding arrearage, and she requested an opportunity to present newly discovered information. The statement of the proceedings contains no evidence to support her contention that the trial court erred in allowing the husband to pay only $25 per month on the arrearage. Likewise, there is no evidence in the statement of proceedings of this allegedly newly discovered evidence, i.e. what it was and when it was discovered.
Generally, the scope of appellate review concerning the trial court's denial of a motion for a new trial is whether the trial court abused its discretion in denying the motion. See,Phillips v. Phillips, 395 So.2d 1040 (Ala.Civ.App. 1981). Additionally, this court will not reverse a trial court for refusing to grant a motion to alter, amend, or vacate a prior judgment pursuant to Rule 59(e), Alabama Rules of Civil Procedure, unless it appears the trial court committed a manifest abuse of discretion. See Ayres v. Ayres, 466 So.2d 979
(Ala.Civ.App. 1985).
Based upon our review of the wife's statement of the proceedings, we are unable to say that the trial court abused its discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur. *Page 620