This is a post-divorce and child custody case.
The parties were divorced in 1980 by the Jefferson County Circuit Court. Custody of the parties' two minor children was awarded to the mother. The father was ordered to pay $400 per month per child as child support, as well as the children's medical expenses.
The instant appeal arises from the mother's petition for rulenisi and for modification of custody. The mother sought to hold the father in contempt for his failure to pay child support and medical expenses. She also sought to transfer custody of the parties' sixteen-year-old daughter to the father. The father filed a counter-petition by which he sought the custody of the parties' thirteen-year-old son, as well as their daughter.
Following ore tenus proceedings, the learned trial judge entered a judgment in which he found that the father was $2,400 in arrears in his child support payments and ordered him to pay the same, as well as $2,250 in attorney fees for the mother. The trial court held the father in contempt for his willful failure to pay the children's past-due medical expenses, but it suspended the three-day jail term to which it sentenced him for the contempt. Finally, the trial court transferred to the father the custody of the parties' daughter, but refused to give him custody of their son.
The father appeals. We affirm.
 I
The father contends that the trial court erred in requiring him to pay $2,400 in back child support, claiming that he is due a credit for the same.
Whether to grant or deny a credit for accrued child support is a matter within the trial court's discretion, and its determination will not be reversed unless there was an abuse of that discretion. Hamilton v. Phillips, 494 So.2d 659
(Ala.Civ.App. 1986); McDowell v. McDowell,470 So.2d 1277 (Ala.Civ.App. 1985). See also Brown v. Brown,477 So.2d 454 (Ala.Civ.App. 1985); Scruggs v.Scruggs, 456 So.2d 319 (Ala.Civ.App. 1984).
After reviewing the record and the pertinent law, we can only conclude that the trial court did not so abuse its discretion in refusing to give the father the credit he claimed as to require reversal.
The record reveals that in 1985 the mother and two children moved to Baytown, Texas, where her parents reside. Both children lived with the mother in Texas until March 1987 when the daughter returned to Birmingham to live with the father and his second wife.
This change in the daughter's physical custody was made by agreement between the parties since the daughter apparently had had some difficulty in "getting along" with the mother and brother in Texas and was also having problems in school. In fact, the mother's testimony indicates not only that she agreed to the daughter's move to Birmingham, but also that she verbally agreed to a temporary reduction in child support from $800 to $400 per month *Page 858 
until the parties could legally change the terms of the father's support obligation.
In view of the above, had the trial court granted the father the credit he claims, we might be inclined to affirm. Certainly, it cannot be said that the fatherarbitrarily terminated the daughter's support payments. Cf. Kinsey v. Kinsey, 425 So.2d 483, 486
(Ala.Civ.App. 1983).
However, the trial court did not grant the claimed credit, and we cannot say that its decision was an abuse of discretion because the record is devoid of any evidence as to actual support the father provided for the daughter after she moved into his home in March 1987. "That lack of proof, in itself, is justification enough for the discretionary denial of a credit concerning [the daughter's] maintenance by [the] father. Credit is not allowed where the father is not able to prove such expenditures." Smith v. Smith, 443 So.2d 43, 46
(Ala.Civ.App. 1983). Cf. Kinsey, 425 So.2d at 486.
While the father must have been supporting the daughter after she moved into his home, he failed to provide any proof of such support at trial. He thus placed the trial court in the position of having to speculate as to the amount of the credit, if any, he might be due. See Smith, 443 So.2d at 46. As indicated, under such circumstances we do not think the trial court so abused its discretion in denying the father the claimed credit as to require reversal.
We would further note that the daughter resided with the father for only a short period of time — approximately three months — before the mother filed her petition for rule nisi. This court has stated that a trial court does not abuse its discretion in denying a credit to a father for a relatively brief time that the child lived with and was supported by him. Hamilton, 494 So.2d at 661.
 II
The father's second contention on appeal is that the trial court abused its discretion in refusing to transfer custody to him of the parties' thirteen-year-old son.
As is well established, for the father, the noncustodial parent, to obtain custody of the son, he must show not only that he is fit to have custody, but also that the change in custody would materially promote the child's best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala. 1984);Andrews v. Andrews, 495 So.2d 688 (Ala.Civ.App. 1986). He must show that the "positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child." Wood v.Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976).
We agree with the trial court that the father has not met the burden of proof placed upon him by McLendon and that he was, therefore, not entitled to have custody of the son transferred to him.
The evidence reflects that the father and his second wife could provide the son with a loving and stable home. It is not sufficient, however, under McLendon for the father to show that his situation has improved and that he can provide the child a good home. See Andrews 495 So.2d 688. He must show that the change in custody would materiallypromote the son's best interests and thus justify uprooting him from the mother's home. McLendon,455 So.2d 863; Wood, 333 So.2d 826.
The record reflects that the mother also provided the son with a stable home and love. He made fairly good grades in school and enjoyed numerous extracurricular activities. Although the son does not appear to care for the mother's boyfriend, the evidence did not indicate that his feelings were such that they affected the mother's ability to provide a good home for the son or that the child should be uprooted from the mother with whom he has lived since he was six years old.
The father has made much of the fact that the son expressed his desire to live with the father when he testified in this matter. It is true that the child's preference is an important factor to be considered by the trial court on the petition to modify. See, e.g., Grantham v. Grantham, 481 So.2d 902
(Ala.Civ.App. 1985). Nevertheless, the son's wishes are not controlling. *Page 859 See Smith v. Smith, 470 So.2d 1252 (Ala.Civ.App. 1985).
In this regard it should be noted that the evidence, including the son's testimony, was presented to the trial courtore tenus. Its judgment is, therefore, presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or an abuse of discretion is shown.Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985). The record does not reflect any plain or palpable error or abuse of discretion by the trial court in denying the father's petition to obtain custody of the son.
 III
As noted at the outset of this opinion, the trial court held the husband in contempt for his willful failure to pay $1,622.99 in medical expenses of the children. It sentenced him to three days in the county jail, but simultaneously suspended the sentence.
The record reflects that, shortly before the mother's rulenisi petition went to trial, the father paid $1,622.99 to the register of the circuit court to pay for the past-due medical expenses. In its final judgment, the trial court ordered the register to pay over those funds to the mother, but still held the father in contempt.
On appeal the father contends that the trial court erred in holding him in contempt since, at the time the case went to trial, he had, in effect, paid the amount due the wife by paying said sum to the court register. We disagree.
Review of the judgment of contempt comes before this court by way of certiorari which limits the scope of our review to questions of law and does not permit us to look to the weight and sufficiency of the evidence. Rather, we look only to whether there is any evidence to support the trial court's determination. Lewis v. Lewis, 494 So.2d 105
(Ala.Civ.App. 1986); Hurd v. Hurd, 485 So.2d 1194
(Ala.Civ.App. 1986).
Our review of the record indicates that the trial court's judgment is supported by the evidence, and we, therefore, affirm.
It is pertinent here to note the distinction between civil and criminal contempt. The purpose of civil contempt is to invoke the power of the trial court to coerce one who is continuing to violate the court's orders to obey them.Hudson v. Hudson, 494 So.2d 664 (Ala.Civ.App. 1986). The purpose of criminal contempt is to punish the party who violates the court's orders. Brooks v. Brooks,480 So.2d 1233 (Ala.Civ.App. 1985). See Graham v.Graham, 481 So.2d 903 (Ala.Civ.App. 1985).
We agree with the husband that, because he had paid the amount due for the medical expenses to the court register, the trial court would be incorrect in finding him in civil contempt. Because he had effectively paid the amount due, civil contempt was no longer necessary to coerce him to pay the debt.
However, the fact that a finding of civil contempt against the father would probably have been improper does not mean that the trial court could not punish the father by way of a criminal contempt for his continuing violation of its order that he pay the children's medical expenses. The power to punish for contempt is inherent in the trial court. It cannot be taken away or abridged because it is essential to due administration of justice. See Graham, 481 So.2d 903.
The record reveals that the father had not simply been negligent in keeping current in the payment of the children's medical expenses. Rather, there is evidence that he had failed to pay nineteen different medical bills covering a period of approximately two years. There was testimony that, in telephone conversations with the mother, the father assured her that he would pay the bills, but did not do so.
Such evidence supports the trial court's finding that the father had willfully failed to pay the children's medical expenses and its judgment of contempt to punish the father for his violation of its orders.
 IV
The father's final contention on appeal is that the trial court erred in awarding *Page 860 
the mother an attorney's fee of $2,250. The primary basis of his argument is that the mother has good employment and that she is, therefore, capable of paying her own attorney fees.
Although the mother may be capable of paying for her attorney fees, such is not a basis for reversal of the award in this case.
The father was held in contempt for his violation of the trial court's order that he pay the children's medical expenses — a judgment which this court affirms. Therefore, under Ala. Code (1975), § 30-2-54 (1983 Repl. Vol.), the trial court was authorized to award the mother reasonable attorney fees.
We note that the father does not challenge the reasonableness of the attorney fees awarded to the mother, only the fact of the award itself. In view of § 30-2-54, his challenge is without merit.
Moreover, since this case also involved a custody modification, the trial court was well within its discretion in awarding attorney fees to the mother. See Hudson,494 So.2d 664.
The mother has requested an attorney's fee for representation on appeal. Even though this has not been the easiest domestic relations appeal to resolve, a fee of $750 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.