The father appeals from an order which granted the mother physical custody of the parties' two children.
The parties were originally divorced by the District Court of McLeod County, Minnesota. Custody of the children was awarded jointly to the father and mother. Subsequently, the mother and children moved to the city of Albertville, Alabama; however, prior to this move, the father and mother reached an "informal agreement" whereby the mother would have physical custody of the children during the school year and the father would have physical custody of the children during the summer months. The parties operated amicably under this informal agreement for approximately three years.
In March 1989 the mother filed a petition for modification of the joint custody decree in Alabama. She asserted that the best interests of the children would be served by awarding her physical custody and she asked for an award of child support. A motion was filed in the District Court of McLeod County, Minnesota, requesting that it relinquish and decline to exercise further jurisdiction over the determination of the custody and support of the children. The Minnesota District Court granted this motion and declined to exercise jurisdiction. The father then filed a "counterpetition" for modification in Alabama, requesting custody of the children and stating that a material change in circumstances had occurred, i.e. that the mother had joined the armed forces and would be moving to North Carolina from Alabama.
After ore tenus proceedings the trial court determined that the "best interests" of the children would be served by placing their physical custody with the mother subject to the father's reasonable visitation rights. The father was also ordered to pay $526.20 per month as child support and one-half of certain non-insured medical, dental, optical, and drug expenses incurred on behalf of the children. The father appeals. *Page 1046 
He asserts that the trial court erred when it failed to apply the McLendon standard in reaching its decision to award the mother sole physical custody of the children.
As a general rule, the parent seeking to modify a prior custody decree bears the heightened burden of proving that the proposed change in custody will materially promote the children's best interests and welfare sufficient to more than offset the traumatic effects caused by the uprooting of the children from their present custodian. Ex parte Couch,521 So.2d 987 (Ala. 1988); Ex parte McLendon, 455 So.2d 863
(Ala. 1984). However, where there is no prior order granting exclusive custody to one parent, the McLendon standard does not apply. Couch. Instead of the heightened "materially promote" standard, the "best interests and welfare" of the children standard applies when custody has not been awarded to one parent. Couch.
In the case before us the parties were awarded joint legal and physical custody of their children under the Minnesota divorce decree. Therefore, since neither party was awarded exclusive custody, the "best interests and welfare" of the children standard was appropriate. Further, the "informal agreement" reached by the parties concerning physical custody has no legal effect; the parties merely "acted inconsistently" with their joint custody rights. See Couch.
A judgment entered after ore tenus proceedings is entitled to a presumption of correctness, and it will not be reversed absent a clear abuse of the trial court's discretion.Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App. 1989).
After a careful review of the record we find no error in the award of primary physical custody to the mother. Both the father and the mother appear to adequately provide for their children's emotional, financial, and educational needs. In fact, had the trial court awarded the father physical custody of the children, our decision would likely be the same, given our standard of review. We also point out that, whichever party was awarded physical custody, the children would have been uprooted from their "home" in Alabama because the mother was in the process of moving to North Carolina and the father was apparently living in Minnesota on a permanent basis.
The father next urges error upon the trial court's award of child support to the mother. Primarily, the father asserts that there is insufficient evidence to support the trial court's determination that his "ability to earn" was between $1,680 and $2,500 per month.
The ore tenus rule applies, and the trial court's decision is presumed correct on appeal. Matters respecting the modification of child support fall within the discretion of the trial court, and we will not reverse its decision unless it is plainly and palpably wrong. Hersman v. Spann,479 So.2d 60 (Ala.Civ.App. 1985). The ability to earn, as opposed to one's actual earnings, is a proper factor to be used by the trial court in determining whether a modification of child support is warranted. Taylor v. Taylor, 486 So.2d 1294
(Ala.Civ.App. 1986). We note that the mother's petition was brought prior to the date that the child support guidelines became mandatory — October 9, 1989. Rule 32, Alabama Rules of Judicial Administration.
As respects the father's ability to earn, the record shows that he has been employed as a quality control engineer or consultant in the nuclear-generated electricity industry. While so employed, the father was required to travel to various parts of the United States and live for months at a time. He testified that his most recent earnings in this capacity were approximately $15,000 for four months' work in Oklahoma. However, the father stated that he had stopped work as a quality control consultant and had begun to work as a commissioned salesman for a local feed supplier in Minnesota. At the time of the hearing the father had no income from the sales position and he stated that he was living with his parents and using savings to support himself. The father *Page 1047 
testified that he has recently declined an offer of employment as a quality control consultant. After careful review of the evidence, we can find no error in the trial court's determination of the father's ability to earn and the award of child support.
The decree of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.