This appeal is from a finding of contempt and a judgment modifying a prior child support decree.
On January 29, 1987, Johnny Ray Cook (husband) and Kaylen Cook (wife) were divorced by decree of the Franklin County Circuit Court. Under the terms of that decree, the husband was ordered to pay $180 per week as child support for the parties' three minor children. On April 19, *Page 1356 
1989, pursuant to an agreement reached by the parties, the trial court entered an order incorporating certain modifications into the former divorce decree. The order conditionally reduced the husband's child support payments from $180 per week to $50 per week, contingent upon his remaining current in his weekly support payments for 12 months and paying also within 12 months an arrearage, assessed by the trial court at $15,000.
On April 5, 1990, alleging that there had been a material change of conditions, the husband petitioned the trial court to modify the divorce decree. Seeking a reduction in the amount of child support he was required to pay, he based his petition for a modification on the grounds that the parties' eldest son had reached 18 years of age and become self-supporting and that the husband's own financial circumstances had materially worsened since the court's latest order. The wife then sought to have the husband held in contempt of court for failure to comply with the order of April 1989.
Following an ore tenus hearing, the trial court entered an order modifying the former divorce decree. Applying the Child Support Guidelines established in accordance with Rule 32 of the Alabama Rules of Judicial Administration, the court considered the husband's current income and recognized the emancipation of the parties' eldest son and then set the amount of child support payments at $66 per week. These payments were for the support and maintenance of two of the parties' minor children. The court also assessed an additional arrearage of $1,440 and ordered the husband to reduce the new total of $16,440 by paying an additional $114 per week, beginning May 25, 1990. When these new payments were added to the child support payments of $66 weekly, the husband's required payments totalled $180 per week. Further, the court adjudged the husband in contempt for his failure to comply with its order of April 19, 1989. He was sentenced to 30 days in jail; however, the sentence was suspended conditioned upon his making all future payments as ordered by the court.
Subsequently, the husband filed a motion for a new trial. The trial court overruled his motion. This appeal followed. We affirm in part and reverse in part and remand.
The husband raises several issues on appeal. He first contends that the trial court erred in finding him to be in contempt of its April 19, 1989, order. Next, he contends that the trial court erred in assessing an additional arrearage amounting to $1,440. Finally, he contends that the trial court abused its discretion when it ordered him to pay $114 per week toward reduction of the total arrearage.
Initially, we note that the judgment of a trial court following an ore tenus proceeding is presumed to be correct and will be set aside only when it is determined to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710
(Ala.Civ.App. 1987); Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). Moreover, child support and its subsequent modification are matters resting within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985).
We note also that this court's review of a finding of contempt, which is via petition for certiorari, is limited to questions of law; we are bound to affirm the trial court in this regard if there is any legal evidence to support its finding. McKeever v. McKeever, 528 So.2d 856
(Ala.Civ.App. 1988).
The husband first contends that he should not have been held in contempt for failure to comply with the trial court's prior order. We disagree.
The trial court's stated reason for adjudging the husband in contempt was his failure to comply with the terms of its order of April 19, 1989. One of the terms of that order was that the husband should remain current in his weekly child support payments for the next 12 months. The husband contends that he was financially unable to pay his support obligation under the order of April 19, 1989, and that, consequently, *Page 1357 
he could not be held in contempt. While inability to pay child support in compliance with a court order is a defense to a contempt proceeding, Blankenship v. Sparkman,497 So.2d 501 (Ala.Civ.App. 1986); Reddish v. Reddish,455 So.2d 891 (Ala.Civ.App. 1984), here, the evidence supports the trial court's apparent conclusion that the husband did possess the ability to make the weekly payments required under its earlier order.
Tax returns entered into the record indicate that the husband's income in 1989 was $14,047.84. This was during a period in which, had he maintained current payments, his weekly obligation under the April 19, 1989, order would have been $50. Although the record shows that the husband's income the following year was slightly lower, it does not appear that he was at any time without the ability to pay $50 per week. We would note also that under the Child Support Guidelines the husband is required to pay support of $66 per week, which is actually an amount greater than his weekly obligations under the order of April 19, 1989. Therefore, we are persuaded that there was evidence before the trial court that the husband had the ability to make the weekly payments required by the April 1989 order. Accordingly, we find that the trial court was not in error when finding the husband in contempt.
The husband next contends that the trial court erred in assessing an additional arrearage of $1,440. He submits that the figure was based on a miscalculation by the court and that any additional arrearage could amount to no more than $600.
The trial court clerk's records revealed that the husband paid $1,455 in support payments between April 19, 1989, and January 2, 1990, at which time an income withholding order went into effect. At least 36 weeks passed between the two dates; however, the amount of $1,455 represents approximately only 29 payments at $50 per week. Thus the husband was in arrears for some 7 weeks in this period. The husband contends that the trial court should have computed the extra arrearage as no more than $600. We disagree.
The trial court found the husband in arrears for 7 weeks of payments between April 1989 and January 1990. The reduced support payments of $50 per week were conditioned upon his remaining current. When the husband failed to perform this condition of the April 19, 1989, order, the reduced rate was rescinded and the original payment rate of $180 per week was in effect. We find that, while the trial court's additional assessment of $1,440 is not computable from a formula in the record before us, its determination was within the court's discretion. This court has held that a trial court's determination of the amount of child support arrearage and the disposition thereof is largely a matter to be left to the sound discretion of the trial court. Brown v. Brown,513 So.2d 617 (Ala.Civ.App. 1987). Therefore, as to this issue, we affirm the trial court.
Finally, the husband contends that the trial court abused its discretion when it ordered him to pay, in addition to $66 per week in child support, $114 per week toward reduction of the arrearage. He submits that, in his current financial condition, he cannot make weekly payments totalling $180 and remain solvent. At trial the wife did not dispute the evidence offered by the husband of his financial circumstances. In response to his claim of inability to pay, she argues that he voluntarily entered into the agreement that became the court order of April 19, 1989, and that he should not have agreed to terms of the order if "he did not mean it." The wife asserts also that the husband's financial circumstances have not changed materially from the time of the former decree. The issue before the court, however, is whether the husband currently has the financial ability to comply with the terms of the trial court's latest order. We are convinced he does not.
This court has held that a trial court's determination of the amount of a child support arrearage and amounts withheld from a husband's pay as satisfaction are largely discretionary matters that will not be reversed on appeal absent an abuse of discretion. Brown, 513 So.2d at 619. However, *Page 1358 
this court has also recognized that the ability of a parent to pay child support cannot be ignored. Hersman v. Spann,479 So.2d 60 (Ala.Civ.App. 1985). Also, the amount of child support to be granted depends on the needs of the child and the ability of the parent to pay. Ebert v. Ebert,440 So.2d 1084 (Ala.Civ.App. 1983). While the husband has a duty to support, maintain, and educate his children in a manner commensurate with his means, the payment of child support should be within the reasonable financial abilities of a parent. Travis v. Travis, 345 So.2d 321
(Ala.Civ.App. 1977). This court has stated previously that if the ability of a parent to pay child support is so exceeded that the parent is unable to meet his own cost of self-maintenance without sinking into insolvency, the best interests of the children are not served. Pruett v.Pruett, 333 So.2d 580 (Ala.Civ.App. 1976).
At the trial the husband testified that he currently worked 40 hours per week and made approximately $7.53 per hour at his job. This translates to a gross monthly amount of approximately $1,205. Thus, even before taxes and other deductions are taken from his paycheck, the child support and arrearage payments will consume well over half of his pay. The husband offered testimony that he would take home approximately $60 per week under the terms of the trial court's latest order. After paying his obligations under the divorce decree, he would not have sufficient funds for even a frugal existence. His share of monthly house rent in Memphis, Tennessee, is $315; he is also obligated to pay part of the utility bills; he makes payments of approximately $150 per month on the car he drives to his job; and he has incurred considerable medical debts. Although the husband may have some room to lower certain of his expenses, we find that he cannot provide for his own self-maintenance under the terms of the trial court's latest order.
We find the trial court abused its discretion when it ordered the husband to pay off the arrearage at a rate of $114 per week because it appears that it did not take into account the husband's ability to pay. As to this remaining issue, we reverse and remand to the trial court for reconsideration of the weekly rate of arrearage payments based on the husband's ability to pay.
As stated above, we find that the judgment is due to be affirmed as to the portion of the order finding the husband in contempt and as to the portion setting the amount of additional arrearage, and the judgment is due to be reversed and the cause remanded as to the portion of the order setting the amount of weekly payment on the arrearage.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.