ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal involves child support.
The parties were divorced on September 19, 1988 in the Mobile County Circuit Court. The mother was awarded custody of the parties’ four minor children and the father was ordered to pay the sum of $1,014 per month in child support.
On June 11, 1990 the father filed a motion seeking a reduction of his monthly child support based upon a material change in his financial circumstances.
The mother subsequently filed a motion for a rule nisi, alleging that the father was in arrears on child support payments and had failed to maintain medical insurance on the children as required by the divorce decree.
After an ore tenus proceeding, the trial court entered an order finding the father in contempt and ordered him to pay $4,700 in child support arrearage, including interest and outstanding medical expenses for the children. The trial court then modified the divorce decree to require the father to provide hospitalization insurance for the children and to be responsible for all of their extraordinary medical and dental expenses. The trial court also reduced the father’s child support obligation to $500 per month. The mother appeals from the trial court’s order.
We begin by noting that review of a judgment of contempt comes before this court by way of certiorari. McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App. 1988). Here, however, the mother does not challenge the court’s finding of the father’s contempt, but raises several issues concerning the amount of arrearage assessed by the court. She has thus properly raised these issues by appeal rather than through petition for certiorari. Our review of this appeal is limited; issues of child support are left to the sound discretion of the trial court, and its judgment on these matters will not be disturbed unless plainly and palpably wrong. Scott v. Scott, 563 So.2d 1044 (Ala.Civ.App.1990).
The mother first argues that the trial court erred in its calculation of the past child support due her.
At trial, it was undisputed that the father stopped paying child support after May 1990 and had not resumed payments at the time of the hearing in December. The trial court’s order reducing the amount of child support to $500 did not make the reduction effective until January 1991. Accordingly, the record reflects an arrearage of $7,098 due the mother for the period of May 1990 to January 1, 1991.
Obviously, the trial court did not award this amount to the mother and it did not indicate in its order how it computed an arrearage of $4,700. However, the record shows that at trial the father claimed several “credits” against the arrearage, and it appears that the trial court applied various amounts of credit to the arrearage.
The father first claimed a credit for the expenses of moving the mother and four children to Boston, Massachusetts after the divorce. The father testified at trial that the mother agreed to let him pay some $1,404 in moving expenses in lieu of the September 1988 child support payment.
The father also claimed a credit at trial for some $1,300 in plane tickets bought before the time of the divorce. The record shows that these tickets were bought for the children to visit their maternal grandparents in Boston prior to the divorce. The father stated that the mother’s father “traditionally” reimbursed the parties for the expense of these tickets but failed to do so that year. The father claimed that the mother agreed to subtract the expense of these tickets from the child support payments for January and February of 1989.
There is evidence in the record to indicate that the parties may have agreed to all of these so-called credits against the father’s child support obligations. However, these agreements were without effect. The parents of a minor child cannot nullify or modify a previous child support judgment by their mutual agreement without receiving approval of the trial court to do so. Holland v. Holland, 406 So.2d 877 (Ala.1981).
*479 In this case there is absolutely nothing in the record to indicate that the parties sought the approval of the trial court before “agreeing” to forgo various payments as claimed. The father’s obligation for these payments was thus never altered, and an arrearage for these amounts was produced.
We recognize that the trial court has discretion to award credits against such an arrearage. McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App.1982). The father may be credited for expenses which he assumes gratuitously, but only if these expenses can clearly be categorized as essential to basic child support. Evans v. Evans, 500 So.2d 1095 (Ala.Civ.App.1986).
Here, the $1,300 plane tickets provided to the children before the divorce were not part of the father’s legal obligation of support. They were an “extra” which the father chose to finance. Likewise, we do not regard the expenses of the move to Boston as a substitute for child support. The move was instigated by the mother and thus the cost was hers to bear. The basic needs of the children were ongoing during the move, and we do not find that the father could properly pay the cost of moving vans in lieu of paying for these needs.
We note that the father unilaterally credited the aforementioned costs against his court-ordered child support obligation; indeed, the father unilaterally terminated all child support payments after May 1990. A parent is not permitted to so alter his child support payments, and the trial court should give much consideration to this misconduct when determining any credit to be given. Smith v. Smith, 443 So.2d 43 (Ala. Civ.App.1983). In light of this and the nature of the expenses claimed, we conclude that the trial court could not properly credit these expenses against the arrearage that the father willfully produced.
At trial, the father testified that he remarried and relocated to South Carolina within four months after the divorce. The parties’ sixteen-year-old daughter subsequently came to live with him and his new wife for approximately six months. The father claimed a credit of $280 for the daughter’s plane ticket to South Carolina, as well as for the expense of supporting her for those months.
It is well settled that claims of ar-rearage of child support may be offset by credit for amounts expended by the obligated parent when the parent actually furnishes support for a child while the child is in his custody or the custody of another. Weaver v. Weaver, 401 So.2d 77 (Ala.Civ. App.1981). However, the obligated parent should not be allowed a credit against the child support arrearage where he has presented no proof of the amounts given to the child. O’Neal v. O’Neal, 532 So.2d 649 (Ala.Civ.App.1988). In the instant case, the father has failed to provide evidence of the amount of support he provided for the daughter while she lived with him. At trial, the father merely stated that the daughter’s plane ticket from Boston to South Carolina totaled $280. While the trial court in its discretion could have allowed credit for this amount, it could not allow a larger credit without evidence of a larger amount spent.
Based on the above facts and applicable law, we consider the $280 plane ticket to be the only proper credit to be applied against the arrearage. Accordingly, we reverse this aspect of the trial court’s order and remand the matter to the trial court for a recalculation of the arrearage due the mother.
The mother next argues that the trial court did not properly assess arrear-age against the father for his failure to provide medical insurance for the children as ordered in the divorce decree.
The divorce decree contains the following provision:
“[The father] shall maintain in full force and effect the medical insurance presently in force and effect for said minor children and shall continue to maintain such insurance until each of said minor children reach the age of majority in the State of Alabama.”
*480 The divorce decree thus required the father to maintain medical insurance for the children comparable to that which he provided prior to the divorce. At trial, the father admitted that he obtained a new policy after the divorce which provided less coverage for the children and exposed the mother to greater liability for the deductible and for out-of-pocket expenses. There is evidence that while the new policy was in effect the mother eventually paid a total of $5,988.12 in medical bills.
In its final judgment, the trial court found the father in contempt for failure to pay child support and ordered the father to pay $4,700 in “arrearage, interest and outstanding medical expenses.” It is undisputed that the husband failed to maintain the same level of coverage with the new policy as with the previous one. Therefore, we conclude that the trial court did indeed find the husband in contempt for this failure. However, the language in this order is ambiguous as to the amount of arrear-age, i.e. outstanding medical expenses, that were produced by the husband’s failure to maintain the medical insurance as required by the divorce decree.
An otherwise ambiguous divorce decree may be upheld if its intention is made clear by resort to the pleadings or other matters of record. Webb v. Webb, 366 So.2d 1134 (Ala.Civ.App.1979). In this case the mother’s petition for rule nisi requests a judgment for the medical expenses incurred as a result of the difference in deductibles between the original insurance policy and the new policy obtained by the husband. In light of this and the father’s undisputed failure to obtain insurance as ordered, we conclude that the trial court intended to award the mother what she asked for. We therefore remand this issue to allow the trial court to compute and award the amount of expenses produced by the difference in coverage between the new policy and the policy required by the divorce decree.
The mother next argues that the trial court erred in granting the husband a modification of his obligation to provide insurance coverage for the children.
In its modification order the trial court included the following provision:
“[The father] shall provide hospitalization insurance for the minor children and be responsible for all extraordinary medical and dental bills of the minor children.”
We do not find anything in the record to justify such a modification of the insurance provision contained in the original decree. Indeed, the father never requested such a modification either in his pleadings or before the trial court. In brief, the father points out that Rule 15(a), Alabama Rules of Civil Procedure, allows issues outside the pleadings to be raised orally and tried by express or implied consent of the parties. However, after reviewing the record, we do not find that the father ever orally raised the issue of modifying the insurance or produced evidence to support such a change. We therefore find that the trial court abused its discretion in altering the father’s insurance obligation. This aspect of the decree is reversed.
The mother’s final argument is that the trial court erred in reducing the father’s monthly child support obligation from $1,014 to $500.
A modification of child support may be ordered only upon a showing of a material change in the circumstances. Simpkins v. Simpkins, 435 So.2d 753 (Ala.Civ.App. 1983). At trial the father sought a modification based on a sharp reduction in his income.
The record reveals these facts: Prior to the divorce the father earned between $40,-000 and $50,000 per year working in his family’s plant nursery business. The father subsequently began his own nursery business in 1989, which he financed with loans and financial support from his new wife.
The father testified that virtually all of the income earned by the nursery is ploughed back into the business. The father also offered testimony concerning several large business expenses, including those incurred when the nursery was dam *481 aged by weather. The father reported a net income of $1,200 in 1990.
The father points out that the parties’ eldest child has now reached the age of majority and, under the original divorce decree, is no longer entitled to child support. The father also points out that the mother has considerable assets to apply to the child’s needs. The record reveals that the mother receives over $2,000 per month from her father and from investments and periodically receives other generous sums from her relatives.
After a very careful review of the record, we cannot find that the trial court erred to reversal in reducing the father’s monthly child support payments. However, we wish to point out that child support awards are subject to change upon proof of a change in circumstances. Latham v. Latham, 570 So.2d 694 (Ala.Civ. App.1990). An increase in the father’s income could be held to be a change in circumstances. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985).
The father’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.
ROBERTSON, P.J., concurs in part and dissents in part.