THIGPEN, Judge.
This post-divorce case involves a child-support arrearage.
The record indicates that Brenda King (mother) and Johnny B. King (father) divorced in 1977, the mother was awarded custody of the minor child, and the father was ordered to pay $75 twice a month as child support.
In November 1979, the father filed a motion requesting suspension of his sup *57 port obligation, alleging that the mother had left the State with the child, leaving no forwarding address.
The sheriff attempted to serve notice of the hearing; however, after the notice was returned “not found” by the sheriff, the trial court proceeded ex parte with a hearing. In January 1980, the trial court granted the father’s motion, suspending the father’s support payments until such time as the mother and child were located, and it ordered the sheriff to serve a copy of the order on the mother.
In March 1992, the mother filed a motion to set aside the suspension of child-support payments, alleging that the order was a nullity because service was not made upon her, and because the father had not filed an affidavit alleging diligent search or inquiry in an effort to perfect service.
At the hearing on that motion, the mother testified that she and the child moved to California in August 1979. She testified that the father had telephoned her one week after her move. The mother also testified that while she and the child were living in California, she received approximately $200 from the father and money towards the purchase of a bicycle for the child. The mother testified that the father owes her approximately $18,000 in delinquent support.
The father testified that his first contact with the mother following her move to California was approximately two months after the trial court suspended his support payments. The father also testified that in addition to sending the child a bicycle, he sent $120 per month to the mother for child support while she was in California.
The father’s current wife testified that they were married in 1982 and since that time had sent periodic payments to the mother for the child in the form of cashier’s checks or money orders. She additionally testified that, when the child got old enough to call his father directly and ask for money, it would be mailed to the child as quickly as possible. Following the ore tenus proceeding, the trial court denied the mother’s motion to set aside the order suspending support payments, finding that support was automatically reinstated when the child was located by the father. Allowing a credit for the father’s payments, the trial court also awarded a judgment against the father in favor of the mother for $4,000 representing an arrearage in child support and it ordered the arrearage paid at the rate of $200 per month until satisfied. The trial court also awarded $300 to the mother for an attorney’s fee. The mother appeals, contending that the trial court erred in establishing $4,000 as the total support arrearage. She further argues that the trial court erred in awarding the father credit against the arrearage.
When a trial court’s judgment follows the presentation of ore tenus evidence, a presumption of correctness automatically attaches and that judgment will be affirmed when it is supported by competent evidence unless it is shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Further, a trial court’s determination of an amount of the arrearage and the disposition thereof is largely a matter left to the sound discretion of the trial court. Brown v. Brown, 513 So.2d 617 (Ala.Civ.App.1987).
It is well settled in Alabama that claims for child support arrearage may be offset by credit for expenditures related to support by the obligated parent. Dodd v. Dodd, 588 So.2d 476 (Ala.Civ.App.1991). The award or denial of a credit against child support arrearage is within the sound discretion of the trial court, and the trial court’s judgment will not be reversed absent a showing of plain and palpable abuse. Phillippi v. State ex rel. Burke, 589 So.2d 1303 (Ala.Civ.App.1991). The obligated parent must present proof of the amounts expended when seeking credit. Dodd, supra. Testimony regarding the expenditures may be considered by the trial court in its determination whether to award credit against an arrearage. Dodd, supra; Landers v. Landers, 481 So.2d 392 (Ala.Civ.App.1985).
The father and his current wife both testified that they had sent $120 a month in child support, without offering documentary proof. The mother alleges that the father did not make the ordered payments. *58 She testified that the support payments were ordered to be paid through the court and that all the payments she received came through the court, yet she did not produce any documentary evidence showing whether such payments were made. The scant record on appeal contains no documentary evidence regarding whether the payments were made. The divorce judgment is not contained in the record, nor are any records furnished to substantiate the mother’s allegations that the father had not paid. In fact, it appears that the only evidence presented to the trial court was the conflicting testimony of the mother, the father, and the father’s current wife.
The trial court had the opportunity to observe the witnesses and to consider their credibility. It appears that the trial court chose to believe the father regarding the payments made, and we cannot find that it abused its discretion in doing so. Although we cannot determine from the record exactly how the trial court arrived at its arrear-age amount, such determination was within the trial court’s discretion. Cook v. Cook, 578 So.2d 1354 (Ala.Civ.App.1991).
Accordingly, the judgment of the trial court is due to be affirmed. The mother’s request for an attorney’s fee for this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.