This is a child-support arrearage case. *Page 68 
The record reflects that Danny Rubrigi (father) and Marsha Rubrigi (mother) divorced in May 1976, with the mother awarded custody of Amy Rubrigi, the parties' minor daughter, and the father ordered to pay $55 per week in child support. In May 1978, the trial court ordered that the father's payments were to be made to the Alabama State Department of Pensions and Security because the mother received Aid to Dependent Children from the State. In September 1978, the State notified the court that the child no longer received public assistance. The record is silent regarding any action taken between September 1978 and June 1991.
In June 1991, the State, on behalf of James Blackwood, maternal grandfather of the child, and Amy Rubrigi, filed a petition to intervene for modification and contempt, alleging, inter alia, that the father was delinquent in his support obligation, and asking that the father be ordered to assist in paying his daughter's college expenses. The petition also alleged that the daughter was in the custody of Blackwood because of her mother's incarceration.
Following an ore tenus proceeding in April 1992, the trial court granted the petition to intervene, denied the petition for post-minority support, found the father in arrears in his support obligation, and, inter alia, ordered the father to pay $26,707.34 plus costs. This sum represented the arrearage minus credits which the trial court allowed the father. The father appeals.
The father contends on appeal that a non-custodial parent is not liable for unpaid child support when the child was raised and supported by a third party. He also argues that he should receive credit against the arrearage during the time the grandfather supported the child.
When a trial court receives ore tenus evidence in a case involving child support arrearage, its judgment is presumed correct and will be set aside only when it is plainly and palpably wrong. See Alred v. State ex rel. Hill, 603 So.2d 1082
(Ala.Civ.App. 1992). The determination of an amount of child support arrearage and the disposition thereof is largely a matter left to the sound discretion of the trial court. Cook v.Cook, 578 So.2d 1354 (Ala.Civ.App. 1991).
The law is clear that child support payments become final judgments on the date they accrue, and they are thereafter immune from change or modification. Frasemer v. Frasemer,578 So.2d 1346 (Ala.Civ.App. 1991). The trial court may, however, allow credit against an arrearage for expenditures related to support by the obligated parent, Dodd v. Dodd, 588 So.2d 476
(Ala.Civ.App. 1991), or for amounts expended while the child actually lived with the obligated parent or a third party, and the obligated parent is able to prove that he made contributions to the child's support. Lewis v. Winslow,587 So.2d 1006 (Ala.Civ.App. 1991).
The allowance or denial of a credit against an arrearage, however, is within the sound discretion of the trial court, and it will not be reversed on appeal absent a showing of plain and palpable abuse. Ladewig v. Moxley, 589 So.2d 738
(Ala.Civ.App. 1991).
The record does not disclose whether legal custody was ever transferred to the grandparents. The record does reveal that the daughter stayed with the father only three months. Otherwise, it appears that she lived continuously with her grandparents until August 1991, when she married.
The father argues that he is entitled to credit against the arrearage which accrued while the daughter lived with her grandparents. The trial court awarded the father a credit for the three months that the daughter lived with him, but denied credit for the time the daughter lived with her grandparents. The father's unsubstantiated claim that he made several payments directly to the grandparents for the daughter's support was disputed by Blackwood's testimony that he never received any money from the father. On appeal, the father has failed to show an abuse of discretion in the trial court's denial of credits against the arrearage.
The father further argues that the daughter may not be the beneficiary of past-due child support payments. Child support payments made directly to the child under *Page 69 
certain difficult or unusual circumstances have been allowed. See Layfield v. Roberts, 599 So.2d 1169 (Ala.Civ.App. 1991);Cornett v. Cornett, 398 So.2d 303 (Ala.Civ.App. 1981). Similarly, this court has indicated a willingness to allow payment of an arrearage directly to the child when the circumstances so warrant. Frasemer, supra. Under the unique facts of this case, we cannot find that awarding the arrearage directly to the daughter is error.
Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.