MONROE, Judge.
This case has previously been before this court. See Crawford v. Gay, 703 So.2d 368 (Ala.Civ.App.1996) (“Crawford I”). Upon the father’s motion, the record from that prior appeal has been incorporated into the present appeal.
In the prior appeal, one of the father’s contentions was that the trial court had incorrectly calculated the child-support ar-rearage owed by the mother. In its March 22, 1996, order, the trial court determined that the mother was $7,379 in arrears in her child-support payments. In Crawford I, 703 So.2d at 371, this court concluded “that the trial court erred in finding that the mother was only $7,379 in arrears,” and it “remanded for a proper calculation of child support arrearage and for the entry of a judgment consistent with [the Cratvford I ] opinion.”
Before the March 1996 order was entered, the father had had custody of the parties’ minor children and the mother was required to pay child support of $295 per month. In its March 22, 1996, order, the trial court modified custody — awarding custody of the minor children to the mother and ordering the father to pay child support of $400 per month. The March 1996 order stated, “However, said payments shall not commence for eighteen (18) months following the date of this order as an offset for the child support ar-rearage owed [the father] by [the mother].”
In July 1998, the mother filed a petition, asking that the father be held in contempt because, she said, he had failed, or refused, to make any child-support payments whatever. In its October 13, 1998, order, the trial court noted that this court had remanded the case for a proper calculation, but “[s]omehow, probably related to Judge Davis’ retirement and [Judge Anderson’s coming to] the bench, the case never was rescheduled for the recalculation.” The trial court denied the mother’s contempt petition and recalculated the child-support arrearage owed by the mother. The trial court stated in its order, “Unfortunately, the original exhibits regarding the [mother’s] payments have been lost, but satisfactory evidence is available from other sources.” We would note that those exhib *631 its have been found and have been sent to this court.
In its order, the trial court stated:
“At the time of the custody change in 1996, [the mother] should have made 51 payments of child support of $295.00 each, a total of $15,045.00. [The father] has acknowledged that she made $1,400.00 in payments directly to him. DHR records show that she paid $2,126.34 through that agency. The records of this court show receipt of another $517.25. It would be easy enough simply to credit this $4,043.59 against the total obligation. But [the father’s attorney] correctly points out that each time a payment is missed, that constitutes a judgment on which interest runs at twelve percent simple.”
The trial court determined that, as of March 22, 1996, the mother’s child-support arrearage was $10,251.41 in principal and $2,737.55 in accrued interest.
The father appeals, contending that the trial court erred in its recalculation of the amount of child-support arrearage and interest owed by the mother. Specifically, the father asserts that the trial court erred when, over objection, it allowed the introduction of, and the consideration of, new evidence — the documents evidencing the $517.25 paid through the court and the $2,126.34 paid through the Department of Human Resources (“DHR”). Neither of these documents is contained in the record on appeal. There was no additional testimony presented at the remand hearing, only the arguments of the parties’ attorneys.
At the March 1996 trial, the father admitted that he had received child-support payments in the amount of $1,400 directly from the mother. These payments were evidenced by copies of 7 receipts (contained in Petitioner’s Exhibits 12 and 13) showing payments of $200 per month for October 1994 through April 1995. The father also admitted that he had received child-support payments of $295 per month for December 1995 through February 1996. Additionally, the father testified that he enlisted the assistance of DHR in trying to collect child support. The father attempted to introduce into evidence Respondent’s Exhibit 1, which was a computer printout of the payments received through DHR. The mother’s attorney objected to the admission of the printout, and it was not admitted into evidence. Instead, the father testified that he had received $1,841.34 in child-support payments through DHR, the majority being received from May 1995 through November 1995. The DHR computer printout is not contained in the record of appeal, because it was not admitted into evidence.
At the remand hearing, the mother’s attorney referred the trial court to a statement from DHR that indicated the father had received $2,126.34 in child support through DHR. The mother’s attorney indicated to the trial court that a statement “like that” was introduced at the March 1996 trial. The father’s attorney objected, stating that the mother’s attorney should locate the one contained in the record and submit it to the trial court. As previously noted, no statement from DHR is contained in the exhibits from the March 1996 trial, but the father testified at the March 1996 hearing that he had received $1,841.34 in child-support payments through DHR.
Additionally, we find no mention of a $517.25 payment made through the court, until the remand hearing in October 1998. The father’s attorney objected to the consideration of this amount because, he said, the father disputed whether it was paid.
Both parties rely upon Rubrigi v. Rubrigi, 630 So.2d 67, 68 (Ala.Civ.App.1993), wherein this court stated:
“When a trial court receives ore tenus evidence in a case involving child support arrearage, its judgment is presumed correct and will be set aside only when it is plainly and palpably wrong.”
Here, the trial court was at a disadvantage when recalculating the child-support *632 arrearage because the trial exhibits had been misplaced at the time of the remand hearing. However, no additional testimony was taken. Thus, there is no ore ten-us evidence in the record to support the figures used by the trial court in recalculating the arrearage. Consequently, we reverse the trial court’s judgment and remand for a proper calculation of the child-support arrearage and an entry of a judgment thereon.
The mother’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.