MONROE, Judge.
The parties, who divorced in 1995, have three minor children, a daughter and two sons. In December 1997 the wife petitioned to.modify the custody portion of the divorce judgment, seeking custody of the parties’ daughter and modification of child support. The wife also filed a petition, seeking to have the husband held in contempt for his failure to have her eligibility for Veterans’ Administration (VA) benefits restored. In January 1998, the wife amended her petition to modify, to seek custody of the parties’ older son.
The husband answered and eounterpeti-tioned to have the wife held in contempt, contending that the wife was in contempt for her failure to return their daughter to his custody.
After a hearing, the trial court issued an order, finding the husband in contempt for his failure to have the wife’s VA eligibility restored; modifying the divorce judgment to change custody of the parties’ daughter and older son from the husband to the wife; requiring the husband, within 30 days, to pay the wife $5,891.90 in child support “for the period the children resided with the [wife]”; and ordering the husband to pay the wife within 30 days a $1,250 attorney fee.
The husband moved to alter, amend, or vacate the judgment or, in the alternative, for a new trial. The husband contended that he was not in contempt, because, he said, he had complied with the divorce judgment; that the evidence did not support the change of custody; that the evidence did not support the finding of a child-support arrearage or the attorney-fee award; and that he does not have the ability to pay the child support or attorney award in the time allotted.
The wife also moved to alter, amend, or vacate the judgment, contending that she was entitled for reimbursement for her overpayment of child support and, thus, that the trial court erred in its computation of the child-support arrearage due her. The trial court denied both motions. The husband appeals, and the wife cross-appeals.
“Initially, we note that the judgment of the trial court following an ore tenus proceeding is presumed to be correct and will be set aside .only when it is determined to be plainly and palpably wrong.” Cook v. Cook, 578 So.2d 1354, 1356 (Ala.Civ.App.1991).
The husband contends that the trial court erred when in finding him in contempt “for failing to have the [wife’s] VA eligibility restored to her for the parties’ marital residence.” The husband contends that because he complied with the terms of the divorce judgment, he should not have been found in contempt. At trial, the husband testified:
“I think that the order was that I had to make my best efforts to refinance it and that the house was to be put up for sale if I was unsuccessful and I did both of those.”
The parties’ divorce judgment is not contained in the record.
The husband testified to the following: After the divorce, he attempted to refinance the marital home but was unable to afford to refinance it. He placed the marital home on the - market, but has been unable to sell it. The parties purchased the marital home for approximately $124,-800. The value of the marital home decreased when apartments for low-income tenants were constructed on the property located behind the home. When he placed the marital home on the market, the husband listed it for sale at $134,900. Al *260 though he has had no offers, he has not reduced the price. He understands that the wife’s VA eligibility cannot be restored until the marital home is sold. After the divorce, the husband moved to West Virginia and then to Atlanta, and he purchased a home in West Virginia for $144,000 (which has been sold) and a home in Atlanta for $185,000. At the time of the trial, the marital home was being leased.
The husband testified that he had offered the marital home to the wife, but that she will not accept it. The wife testified that when the parties divorced, the husband “wanted the house and he got the house. I was to get my VA eligibility back.” The wife further testified that the divorce judgment awarded the husband the marital home and divested her of all rights in the marital home. In her brief on appeal, the wife argues:
“It was obvious that the intentions of the [husband] were to simply maintain the [marital] home in his name, rent it out, and build an equity in this real estate. He had no concern at all as to whether [the wife] ever received her VA entitlement.”
In light of the foregoing, we find the evidence sufficient to support the trial court’s finding of contempt. Thus, that portion of the trial court’s order is due to be affirmed.
The husband argues that “the trial court’s finding that a change in custody would materially promote the best interests of the children [was] so unsupported by the evidence as to be plain and palpable error.” Both the daughter, age 16, and the older son, age 15, testified that they wished to continue living with their mother. (The daughter began living with the mother in December 1997, and the older son began living with the mother in August 1998.)
The husband admitted that the daughter and older son do not respect or trust him, and that “under the current circumstances, there could be problems if they came back [to live with him].” Thus, there was evidence that transferring custody from the father to the mother would materially promote the welfare and best interests of the minor children. Wade v. Clark, 564 So.2d 982 (Ala.Civ.App.1990).
The husband contends that the trial court abused its discretion when it directed him to pay $5,891.90 in child support to the wife within 30 days. The husband argues that there was no evidence presented regarding his ability to pay such an amount in such a short time. However, we would note that the husband testified that he currently earned $90,000 per year and that he has been able to buy two homes in addition to the marital home. Thus, we conclude the evidence supports the trial court’s determination.
The husband also contends that the trial court erred in awarding the wife an attorney fee because, he says, an attorney fee can be awarded only if the contempt action is successful and, he says, the trial court erred in holding him in contempt. As previously noted, the trial court’s finding of contempt was supported by the evidence. Thus, the court properly awarded to the wife an attorney fee. McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App.1988). “Moreover, since this case also involved a custody modification, the trial court was well within its discretion in awarding attorney fees to the mother.” McKeever, 528 So.2d at 860.
In her cross-appeal, the wife contends that the trial court erred in its computation of the child-support arrearage awarded to her. She contends that in order for the award to comply with Rule 32, Ala. R. Jud. Admin., the amount awarded should have been $9,902.32 instead of $5,891.90. The wife maintains that the amount awarded covered the period September 1998 to March 1999, when she had physical custody of the two older children. She maintains that she is due child support for January 1998 through August 1998, while *261 her petition to modify was pending and she had custody of the daughter.
Although the wife filed a Child Support Guidelines Form, she did not file a Child Support Obligation Income Statement/Affidavit Form, as required by Rule 32, Ala. R. Jud. Admin. The husband did not file either form. Thus, in light of Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994), that part of the trial court’s judgment regarding child support and the child-support arrearage is reversed and the cause is remanded for compliance with Rule 32, Ala. R. Jud. Admin.
On the husband’s appeal, the judgment of the trial court is affirmed. On the wife’s cross-appeal, the judgment of the trial court is reversed and the case is remanded.
The wife’s request for attorney fees on appeal is denied.
APPEAL: AFFIRMED.
CROSS-APPEAL: REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in result.