This is an appeal from the denial of a habeas corpus petition arising from the husband's contemptuous refusal to pay alimony.
The Circuit Court of Elmore County found the husband in contempt for nonpayment of alimony. The court ordered the husband to be incarcerated until an alimony arrearage of $7,350 had been paid. The husband petitioned the trial court for a writ of habeas corpus, which was denied. From this denial the husband appeals.
The husband contends in the main that he does not have the ability to pay the alimony arrearage, and, therefore, his petition for a writ of habeas corpus should have been granted. We disagree and affirm.
These parties have been involved in litigation for several years, due to the husband's refusal to pay alimony. The parties were divorced in 1982, and the husband was ordered to make monthly alimony payments of $250. The husband failed to make any monthly payments. In 1983, the trial court found the husband in contempt for failure to pay and ordered the husband to purge the contempt by paying an additional monthly payment to reduce the arrearage.
The husband appealed; this court affirmed the trial court and awarded an additional attorney's fee to the wife. See Mims v.Mims, 442 So.2d 102 (Ala.Civ.App. 1983). The husband, again, refused to make any payments.
In 1984, the trial court, again, found the husband in contempt for failure to pay and ordered the husband to be incarcerated until the alimony arrearage of $7,350 was paid to the wife.
The husband filed a petition for a writ of habeas corpus in the trial court, which was denied. From this denial the husband appeals.
As stated, the husband contends in the main that he does not have the ability to pay the arrearage, and, therefore, the petition for a writ of habeas corpus should have been granted.
The law in Alabama is well settled that imprisonment for contempt should not be imposed where the failure to pay is due to an inability to comply with the order. Zeigler v. Butler,410 So.2d 93 (Ala.Civ.App. 1982). A contemnor must be in a position to purge himself from the contempt. Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965).
In the instant case, there was evidence that the husband has a monthly income of approximately $1,800 and has remarried. The husband contends that he owns no property and that the house where he stays, a motor home, a truck, and a boat, motor and trailer, are all items of property in his wife's name. The wife, however, is unemployed, and there was no evidence that she has any income.
Additionally, there was testimony from the husband that he and his wife had recently taken two four-week vacations.
It is clear to this court that the trial court could reasonably conclude from the evidence and inferences therefrom, coupled with the prior history of this case, that the husband has the ability to pay and could *Page 1065 
purge himself from the order of contempt. See Wilson v. Freeman,402 So.2d 1004 (Ala.Civ.App. 1981); Brady v. Brady, 358 So.2d 744
(Ala.Civ.App. 1978). Hence, the trial court did not err in denying the husband's petition for habeas corpus.
The husband apparently further contends that the monthly payments he receives from the Social Security Administration and the Veterans Administration should not be taken into account in determining ability to pay. This argument is not well taken, was answered by this court in our previous opinion, and is completely without merit. See Mims v. Mims, 442 So.2d 102 (Ala.Civ.App. 1983); Ex parte Griggs, 435 So.2d 103 (Ala.Civ.App. 1983).
In view of the above, other issues raised by the parties are pretermitted.
At this point we would be remiss in not commenting that this case presents a clear intention on the part of the husband to totally ignore the orders of the trial court and this court regarding the payment of alimony. Such contemptuous behavior is not taken lightly by this court and is deserving of the fullest utilization of proper contempt powers to preserve the integrity of the judicial system.
The wife has requested an attorney's fee for her representation on appeal. A fee of $500 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.