This is an appeal from a deficiency judgment entered against Judy A. Bullard in favor of Creative Leasing, Inc. (Creative).
The record reveals that Bullard entered a lease agreement for a 1987 vehicle in November 1987. Pursuant to the terms of the lease, Bullard was required to obtain insurance on the vehicle, covering such perils as liability, collision, etc. The insurance certificate reflects that the maximum liability coverage provided by Bullard's insurance policy was $15,000, subject to a $500 deductible.
In October 1989, the vehicle was destroyed by a fire. After subtracting the deductible amount, Bullard's insurance carrier tendered to Creative $14,500. Creative allowed Bullard credit for that amount and sought to recover the balance due and remaining on the lease, utilizing a formula provided in the lease. Upon Bullard's refusal to pay this balance, Creative sued to collect the balance due, plus interest and attorney's fees.
At trial, the parties stipulated certain facts and introduced written documents, including *Page 201 
the lease contract, the insurance policy, the sales contract, and the financial arrangements. Both parties declined the trial courts offered opportunity to enter further evidence, and the case was taken under advisement. Subsequently, the trial court rendered judgment in favor of Creative and against Bullard for the sum of $4,500, plus costs. Upon denial of post-judgment motions, Bullard appeals.
Pursuant to Rule 10(e), A.R.App.P., the parties provided a statement of facts for this appeal. Bullard contends that after the lease agreement was entered, she could not verify the amount of insurance required by looking at the contract. She asserts that she then unsuccessfully attempted on three occasions to obtain that information from Creative. Bullard's insurance carrier sent a policy of insurance to Creative three months prior to the fire, defining the coverage. Bullard contends that she was never told that the coverage was inadequate.
On appeal, Bullard contends that the lease agreement is fatally ambiguous in defining her liability upon early termination of the lease; that Creative's calculation of Bullard's early lease termination is wrong; that Creative's failure to advise Bullard regarding the necessary amount of insurance bars Creative from collecting a deficiency caused by inadequate insurance coverage; and that Creative's indorsement on the insurance check operated as a settlement of all claims between the parties.
If a case is submitted to the trial court without an evidentiary hearing, the ore tenus rule does not apply.Sevigny v. New South Federal Savings Loan Association,586 So.2d 884 (Ala. 1991). A trial court's judgment based on ore tenus evidence, however, is presumed correct and will be overturned only on a showing that the trial court's findings are plainly erroneous or manifestly unjust. Seifert v.Houlditch, 583 So.2d 274 (Ala.Civ.App. 1991). In the instant case, the trial court conducted an evidentiary hearing and allowed the parties the opportunity to explain the documentary evidence and to present any other testimony or evidence. Based on the record before us, we must assume that the trial court had all the facts, documents, and evidence to sustain its findings and support its judgment. See Totten v. Lighting Supply, Inc., 507 So.2d 502 (Ala. 1987). Everything presented to the trial court does not appear to be contained in the record on appeal or the evidentiary statement made in accordance with Rule 10(e), A.R.App.P. Appellate review is limited to the record on appeal Totten, supra.
It is admitted, if not stipulated, that Bullard executed this lease, took possession of the vehicle, and subsequently defaulted in the terms of the lease. The primary issue before the trial court was the calculation of the damages due Creative pursuant to the terms of the lease. On appeal, Bullard offers nothing to show that Creative's calculations were in error but merely relies on her statement that the terms of the lease are ambiguous and that Creative failed to inform her regarding the amount of required insurance. When a trial court's judgment does not make specific findings of fact concerning the issues, as here, it will be assumed that the trial court made the findings necessary to support its judgment. Knox Kershaw, Inc.v. Kershaw, 552 So.2d 126 (Ala. 1989).
We pretermit any discussion as to Bullard's argument on appeal that the acceptance of the insurance check operated as a release of any further claims or damages. Byrd v. Tate,531 So.2d 1227 (Ala.Civ.App. 1988). We do not consider arguments presented for the first time on appeal; nor do we put a trial court in error for failing to rule on issues not before it, even if the matter concerns a constitutional question. Stevensv. Blake, 456 So.2d 795 (Ala.Civ.App. 1984). It appears that Bullard's argument that Creative's acceptance and endorsement of the insurance check constitutes a release of further claims is raised for the first time on appeal; therefore, we will not consider it.
For the foregoing reasons, and in accordance with the appropriate legal principles, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 202