THIGPEN, Judge.
This post-divorce proceeding began when John E. Atchison filed a motion for a register’s deed to effectuate the conveyance of the former wife’s interest in the marital residence. Ultimately, following ore tenus proceedings, the trial court granted the motion and also ordered that the residence be sold after the youngest child reached the age of majority. The former husband appeals, contending that the later portion of the order was an impermissible modification of the property provisions of the 1990 divorce judgment.
The law is clear that property provisions of a divorce judgment become final and are not modifiable after 30 days from the date of the judgment. Smith v. Smith, 491 So.2d 983 (Ala.Civ.App.1986); Robinson v. Robinson, 410 So.2d 426 (Ala.Civ.App.1981). Although a divorce judgment is final and not modifiable, it continues to be interlocutory in nature in the event it becomes necessary to refine, clarify, implement, or enforce its provisions. Boyd v. Boyd, 447 So.2d 790 (Ala.Civ.App.1984); Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981).
The divorce judgment in the instant case refers to the sale of the homeplaee but makes no provision regarding the conditions or the time of that sale. The transcript of the testimony discloses the ambiguity by revealing that the parties had differing beliefs regarding the meaning of that provision. A court rendering a judgment has the inherent power to enforce its judgment and to make further orders as may be necessary to render it effective. Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985). Additionally, a trial court is empowered to correct an omission of the original divorce judgment to make it accurately reflect the court’s intentions. See Ward v. Ullery, 442 So.2d 99 (Ala.Civ.App.1983).
Our careful and thorough review of the record reveals that the trial court in this instance did not modify the property provision of the 1990 divorce judgment. The order was necessary to clarify the provision in the prior judgment, and to render it effective. We find no error.
The former wife’s request for attorney fees in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., concurs specially.
YATES, J., dissents.