This is a contempt case.
The parties were divorced in 1990. The divorce decree required the husband to provide certain benefits.
Thereafter, in October 1993 the husband was found in contempt of court for failure to abide by the 1990 divorce decree and the joint agreement executed by the parties on August 27, 1992. The trial court's order provided, in pertinent part:
 "The [husband] is hereby ORDERED sentenced to confinement in the Franklin County Jail for thirty (30) days; however, the [husband's] sentence is suspended conditioned upon his providing evidence of payments and/or acknowledgments that arrangements have been made for payment of any outstanding medical bills and his continued payment of medical bills as agreed by the parties on August 27, 1992."
In November 1993 the trial court held a hearing and entered an order on December 8, 1993. The order provided, in pertinent part:
 "The [husband] has violated the special conditions of his suspended sentence in that he has failed to make arrangements and/or make payments to certain health care providers, especially the Red Bay Clinic; therefore, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that the [husband] shall begin serving his sentence of thirty (30) days in the Franklin County Jail not later than 8:00 p.m. on December 17, 1993. The [husband] is ORDERED released from confinement each day in order to report to his employment at the U.S. Army Missile Command, Redstone Arsenal, in Huntsville, Alabama, and shall report back to the Franklin County Jail within ninety (90) minutes of completing work each day."
On December 17, 1993, the husband filed a notice of appeal. On appeal, the husband contends that if he is guilty of contempt, then it must be civil contempt because the trial court ordered him to be incarcerated for thirty days and that the punishment for criminal contempt is a maximum fine of $100 or a maximum imprisonment of five days or both. The husband further argues that he must be allowed to purge himself of civil contempt, pursuant to Rule 33.4(b), A.R.Crim.P.
In his brief, the husband states that on December 17, 1993, he tendered to the clerk of the court the sum necessary to comply with the court's orders and to purge himself of contempt and that the clerk refused to accept the certified funds tendered. However, we find nothing in the record regarding the fact that the husband attempted to purge himself of contempt.
We note that the wife has not favored this court with a brief. *Page 1370 
Our supreme court discussed civil and criminal contempt inEx parte State of Alabama, 550 So.2d 1067, 1072 (Ala. 1989), and stated:
 "Contempts are characterized as either civil or criminal. Civil contempt seeks to compel or coerce compliance with orders of the court, while a criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience of orders of the court.
 "The sanction for civil contempt continues indefinitely until the contemnor performs as ordered. A critical distinction is that the sanction for criminal contempt is limited in Alabama district and circuit courts to a maximum fine of $100 and imprisonment not to exceed five days."
(Citations omitted.)
Our supreme court also stated in Ex parte State of Alabama,550 So.2d 1067, 1073:
 "The line between civil and criminal contempt can sometimes become blurred. . . .
 "Confusion arises in attempts to classify civil and criminal contempts, because the elements often overlap. In appropriate circumstances, however, a party's actions can support a finding of both civil and criminal contempt."
(Citations omitted.)
In the present case, it is unclear from the trial court's orders whether the contempt is civil in nature or criminal in nature. As previously noted, if this is criminal contempt, then the trial court cannot order the contemnor imprisoned beyond a maximum of five days. Rule 33.4(a), A.R.Crim.P.; Ala. Code 1975, § 12-11-30(5).
However, we would note that the record does contain the August 27, 1992, agreement executed by the parties and referenced in the trial court's order of October 12, 1993. This August 27, 1992, agreement makes reference to six medical providers with outstanding balances, which the husband agreed to be responsible for paying. These medical bills remained unpaid and resulted in the trial court's finding the husband in contempt. It is unclear from the trial court's orders whether the trial court considered these unpaid medical bills to be a single contempt violation or multiple contempt violations. If the trial court did, in fact, consider this to be multiple contempt violations, the trial court failed to make that point clear in its orders. If the trial court considered this to be a single contempt violation, then it exceeded its authority pursuant to § 12-11-30(5).
The question of whether this is civil contempt or criminal contempt becomes important in this case because a contemnor must be in a position to purge himself from the contempt.Mims v. Mims, 472 So.2d 1063 (Ala.Civ.App. 1985). In order to purge himself in a criminal contempt case, the contemnor must pay the fine imposed, serve the authorized time, or do both.Kalupa v. Kalupa, 527 So.2d 1313 (Ala.Civ.App. 1988). In order to purge himself in a civil contempt case, the contemnor must comply with the court's order. Rule 33.4(b), A.R.Crim.P.
If the trial court found the husband to be in civil contempt, then the husband should have been allowed to purge himself by paying the sum required under the trial court's orders. Rule 33.4(b), A.R.Crim.P. As previously noted, the husband states in his brief that he tendered payment of certified funds necessary to comply with the trial court's orders and to purge himself of contempt and that the clerk would not accept the funds tendered.
In view of the above, the judgment is due to be reversed and the cause remanded to the trial court for proceedings not inconsistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 1371