706 So.2d 749 (1997)
Winford H. WATTS, Jr.
v.
Diane WATTS.
2960276.
Court of Civil Appeals of Alabama.
June 6, 1997.
Rehearing Denied July 25, 1997.
Certiorari Dismissed September 15, 1997.
*750 Joe W. Morgan, Jr., Birmingham, for appellant.
J. Coleman Campbell and Lois Brasfield, asst. attys. gen., Department of Human Resources, for appellee.
Alabama Supreme Court 1962082.
MONROE, Judge.
Winford H. Watts, Jr., appeals from the trial court's judgment holding him in contempt for nonpayment of child support and alimony.
The parties were divorced in October 1981, and Winford was ordered to pay Diane $200 per month for the support of their two daughters and $100 per month as alimony. On June 9, 1995, the State Department of Human Resources, on behalf of Diane, filed a contempt petition, alleging nonpayment of the ordered support. The trial court conducted a hearing on the petition on August 2, 1996. The trial court found that Winford owed a child support arrearage of $43,870.87 and an alimony arrearage of $32,451 and found Winford in contempt for willful failure and refusal to pay the ordered support. The trial court ordered Winford confined to jail until the arrearage is paid and suspended his confinement for 30 days. Winford filed a motion to alter or amend the judgment or for a new trial. Following a hearing, the trial court denied the motion and ordered Winford to pay the arrearage within 10 days. Winford filed a motion to stay the execution of the judgment pending his appeal; the trial court denied that motion and ordered that Winford be arrested and confined until the arrearage is fully paid. Winford appeals.
Winford argues that the proper method of review of a contempt order is by petition for a writ of certiorari, and he requests this court to consider his appeal as such a petition. However, Winford's argument relies on the law as it existed before the adoption of Rule 70A, Ala. R. Civ. P., which directs that a contempt order in a civil contempt proceeding is reviewable by appeal. Rule 70A(g). Therefore, the request to consider this appeal *751 as a petition for a writ of certiorari is denied.
Winford argues that the trial court erred in assessing the alimony arrearage against him because, he argues, the issue of alimony was not raised in the pleadings and was not properly before the trial court. Rule 15(b), Ala. R. Civ. P., states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Diane testified at trial as to the amount of alimony arrearage, without objection from Winford. Furthermore, Cassandra Martin, the DHR case worker assigned to this case, also testified, without objection, as to the total alimony arrearage and interest. Therefore, in accordance with Rule 15(b), the pleadings are deemed to have been amended to conform to the evidence, and the trial court's judgment based on the presentation of that evidence is not in error. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985).
Winford argues that the trial court erred in holding him in contempt; he asserts that there can be no finding of contempt based on nonpayment when there is no ability to pay. Initially, we note that a trial court's judgment based on ore tenus evidence is presumed correct and will not be reversed absent a showing that the trial court abused its discretion or that the judgment is plainly and palpably wrong. Cook v. Cook, 578 So.2d 1354 (Ala.Civ.App.1991). The purpose of a civil contempt proceeding is to effectuate compliance with court orders and not to punish the contemnor. Graham v. Graham, 481 So.2d 903 (Ala.Civ.App.1985). The inability to pay child support or alimony is a defense to contempt. Cook, 578 So.2d at 1357. When the accused presents evidence that he is unable to pay the ordered amount, the burden or proof is on the complainant to prove beyond a reasonable doubt that he can comply. Id. at 906; Summers v. Summers, 661 So.2d 243 (Ala.Civ.App.1995).
The evidence supports the trial court's finding that Winford has in the past willfully failed to make the court-ordered payments. However, Winford asserts that he lacks a present ability to pay the arrearage. At trial, he testified that he currently has no assets and that his only income is from Social Security benefits and Veterans' Administration benefits. The testimony indicated that he receives $351 each month in Social Security benefits and $174 per month from the Veterans' Administration. He was 65 years old at the time of trial; he testified that he had not worked since 1982 because of health problems. He testified that in March 1995 he was approximately $4,000 behind in his mortgage payment and that, in return for paying the overdue mortgage payments and a promise to care for him for the rest of his life, he conveyed the title to his home to Ellen McDowell. However, the warranty deed conveying the property to McDowell stated consideration of $210,000. McDowell appeared at trial as his "attorney in fact" and stated that she is Winford's "caregiver" and that she pays all his bills and keeps up with his finances. Winford testified that McDowell had started a water bottling company and that he was the chairman of the board of that company; he stated that the business was in its infancy and had no equipment and that he had not invested any money in the company.
Winford's assertion that he no longer owns the house in question was disputed by the introduction of his complaint for a divorce from his current wife; that complaint was filed after the purported transfer of the property and requested that he be awarded title to his home. The trial court also noted the discrepancy in the evidence regarding the consideration that Winford received for the sale of the house. The trial court stated that it found that Winford lacked credibility and that, in the court's opinion, he had attempted to mislead the court by altering some of the evidence, particularly cancelled checks that were submitted to the court, to make it appear that he had paid more child support than he actually had paid.
This court is not allowed to substitute its judgment for that of the trial court when the trial court's decision is supported by reasonable inferences that can be derived from the ore tenus evidence presented. Terry v. Pielach, 681 So.2d 154 (Ala.App.1996). *752 The trial judge is in the better position to observe the witnesses and to assess their credibility. Id. at 154-55. As noted above, the trial court found that Winford lacked credibility and believed that Winford had the ability to pay the amount ordered to purge himself of contempt. The evidence presented supports the inference that Winford is attempting to conceal his assets to avoid paying the alimony arrearage. Based on the ore tenus rule, the trial court's judgment holding Winford in contempt is due to be affirmed.
Winford finally argues that his right to due process of law was violated in the trial proceedings because, he argues, the trial court failed to ascertain that he fully understood his right to counsel, as is required by § 15-12-20, Ala.Code 1975. Winford failed to assert this argument before the trial court. This court will not consider arguments presented for the first time on appeal, even in instances where the alleged error concerns a constitutional question. Bullard v. Creative Leasing, Inc., 624 So.2d 199 (Ala.Civ.App.1993). Furthermore, we note that during the pendency of this case, Winford was in the process of another divorce in which he was represented by legal counsel. The record contains a copy of the complaint for divorce that had been filed before the trial of this case. Although he was not represented at trial by a licensed attorney, he brought McDowell to represent him as his "attorney in fact." From his experience with the judicial system, it would appear that Winford was familiar with legal procedure and, by raising this argument on appeal, is attempting to abuse that process. Winford fails to show that his right to due process was violated.
For the foregoing reasons, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I dissent from the majority's decision to affirm the finding of contempt because I believe that the trial court erred in failing to determine, pursuant to § 15-12-20, Ala.Code 1975, whether Winford was entitled to appointment of an attorney before he was ordered to be incarcerated.
§ 15-12-20 provides:
"In all criminal cases, including paternity cases, and civil and criminal nonsupport cases which may result in the jailing of the defendant, in any court of this state created by authority of the Constitution of 1901, as amended, when a defendant is entitled to counsel as provided by law, the trial judge shall before arraignment ascertain from the accused, or otherwise:
"(1) Whether or not the defendant has arranged to be represented by counsel;
"(2) Whether or not the defendant desires the assistance of counsel; and
"(3) Whether or not the defendant is able financially or otherwise to obtain the assistance of counsel."
(Emphasis added.)
I do not believe Winford's failure to raise this issue in the trial court prevents him from raising it here. I think the trial court had an affirmative duty to advise Winford of his right to counsel. See Ex parte Parcus, 615 So.2d 78 (Ala.1993)(Maddox, J., dissenting from quashing of the writ). Section 15-12-20 clearly places on the trial court, in the first instance, the responsibility to determine whether counsel should be appointed.
"The right to the assistance of counsel is such a fundamental component of due process that trial courts cannot be allowed to assume that the accused has some vague knowledge of that right and has chosen to waive it."
Ex parte Parcus, 615 So.2d at 82 (Maddox, J., dissenting).