Don E. Sealy appeals from the judgment of the Lauderdale County Circuit Court finding him in contempt of court for failing to comply with the trial court's divorce judgment.
Sealy and Maria Sealy D'Amico were divorced on December 17, 1996. The divorce judgment incorporated an agreement between the parties that placed certain conditions on the sale of the marital home. These conditions stated, in pertinent part:
 "A. $5,000 from the equity shall be put in trust for the minor child, Jennifer Mergel's college, with [D'Amico] listed as trustee.
 "B. [Sealy] shall receive the next $10,000 out of the equity of the home with the remainder of the equity being divided equally.
 "C. In the event that the home sells for less that $85,000, [Sealy] will receive only $5,000 before the remaining equity is divided equally.
 "D. In the event the home of the parties has not sold within a year, [Sealy] shall pay to [D'Amico] $200 a month as alimony until the home is sold."
On May 20, 1999, D'Amico filed a petition to cite Sealy for contempt for failing to comply with the divorce judgment. The petition alleged that the marital home had sold for approximately $77,000 during January 1999 and that Sealy had made none of *Page 865 
the disbursements required by the divorce judgment. The petition also alleged that Sealy had made none of the alimony payments that were required in the divorce judgment. The trial court held a hearing on the petition on October 25, 1999, and entered a judgment on October 27, 1999. The trial court's judgment granted D'Amico's petition to cite Sealy for contempt and provided, in pertinent part:
 "1. [Sealy] is hereby ordered to pay [D'Amico] the sum of $10,247.00. Said amount is [D'Amico's] equal amount of the residue of the equity from the sale of the marital residence.
 "2. [Sealy] is hereby ordered to pay alimony in the amount of $2,400.00.
 "Both issues above were items agreed to and incorporated into the Final Decree of Divorce, but which have not been paid by [Sealy]. [Sealy] is to pay these monies to the Circuit Court Clerk of Lauderdale County and the Clerk is ordered to distribute this money to [D'Amico].
 "Additionally [Sealy] is ordered to pay Attorney's Fee in the amount of $1,500.00 plus Court Cost in the amount of $116.00, which will be paid to the Circuit Court Clerk of Lauderdale County to be disbursed to the Attorney of record, Cindy Schuessler.
 "[Sealy] is given 14 days from the date of this order to comply. In the event [Sealy] fails to comply, he shall be sanctioned in the amount of $2,500, and shall be placed in the Lauderdale County Detention Center on Civil Contempt and held until he purges himself of said Contempt."
Sealy did not comply with the trial court's contempt order; he filed a postjudgment motion seeking a new trial and a stay of execution on November 17, 1999. The trial court scheduled a hearing on Sealy's motion on November 24, 1999, and stayed execution of the judgment pending that hearing. Thereafter, pursuant to two motions filed by D'Amico to enforce the sanctions in the contempt order, the trial court issued a bench warrant for Sealy's arrest on December 16, 1999. The bench warrant was executed on January 4, 2000.
Sealy appeals, arguing that the trial court wrongfully punished him for contempt. Sealy also sought a stay of the trial court's order of incarceration pending the appeal, which this court denied on January 11, 2000.[1]
The record reveals that D'Amico presented copies of the deed and sale closing papers for the marital residence showing the sale of the residence in January 1999 for approximately $77,000 and a cash disbursement to Sealy of $34,494 after the payment of the mortgage on the property. D'Amico also testified that she had received a letter from Sealy to the effect that he refused to pay her anything other than $5,000. The letter was admitted into evidence and contains the statement: "I tell you now that the rest of the money will go to paying my lawyer bill and to pay for the continuance of my defense." D'Amico also testified that Sealy had refused to make any of the alimony payments provided for in the divorce judgment.
Sealy represented himself in the contempt hearing. He testified that he had entered the agreement contained in the divorce judgment under duress and in good faith that D'Amico would not "prosecute me in criminal court." He also testified that he had been prosecuted and convicted for sexual abuse and that he had spent all his money on legal expenses. He stated that his financial support came from his parents; he also stated that he was not *Page 866 
able to work a lot while he was being prosecuted. On cross-examination, he admitted that he had not paid D'Amico her portion of the equity from the sale of the house and that he had not made any alimony payment.
Sealy's argument in this appeal is that the record shows that he had no assets to purge himself of contempt. D'Amico does not favor this court with a brief.
Our standard of review of the trial court's judgment is the ore tenus rule:
 "Where a trial court receives conflicting ore tenus evidence, its judgment based on that evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The presumption of correctness is based in part on the trial court's unique ability to observe the parties and the witnesses and to evaluate their credibility and demeanor. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986)."
Littleton v. Littleton, 741 So.2d 1083, 1085 (Ala.Civ.App. 1999).
Additionally, we must also consider the law governing this court's review of a finding of civil contempt:
 "The purpose of a civil contempt proceeding is to effectuate compliance with court orders and not to punish the contemnor. The inability to pay child support or alimony is a defense to contempt. When the accused presents evidence that he is unable to pay the ordered amount, the burden or proof is on the complainant to prove beyond a reasonable doubt that he can comply."
Watts v. Watts, 706 So.2d 749, 751 (Ala.Civ.App. 1997) (citations omitted).
We note that in addition to the evidence of the receipt of the funds from the sale of the marital residence, Sealy admitted that he had obtained money by way of various loans and through some work. Moreover, the record contains strong evidence that Sealy did not intend to satisfy his obligations under the divorce judgment. As this court noted in Watts:
 "This court is not allowed to substitute its judgment for that of the trial court when the trial court's decision is supported by reasonable inferences that can be derived from the ore tenus evidence presented. Terry v. Pielach, 681 So.2d 154
(Ala.Civ.App. 1996). The trial court is in the better position to observe the witnesses and to assess their credibility. Id. at 154-55."
706 So.2d at 751-52. Under the circumstances of this case, we conclude that the trial court did not plainly and palpably abuse its discretion in finding Sealy in contempt and in ordering his incarceration. Moreover, the trial court had evidence before it from which it could have reasonably concluded that Sealy had, or could obtain, money to purge himself of the contempt.
Rule 70A(e)(2), Ala.R.Civ.P., provides for incarceration upon a finding of civil contempt. However, that rule makes no provision for the payment of a "sanction" as ordered by the trial court in this case. Further, case law indicates that the coercive nature of a judgment of civil contempt under the circumstances of this case does not envision the imposition of a sanction as a punishment. See S.C. v. J.R.W., 667 So.2d 84 (Ala.Civ.App. 1994); Hill v. Hill, 637 So.2d 1368 (Ala.Civ.App. 1994); andMosley v. Horton, 574 So.2d 804 (Ala.Civ.App. 1990).
Accordingly, although we conclude that the trial court did not err in finding Sealy to be in civil contempt and in ordering his incarceration, we must reverse the trial *Page 867 
court's imposition of the $2,500 sanction and remand the cause for entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] Sealy was released from incarceration pending this appeal on January 25, 2000.