930 So.2d 511 (2005)
Theodore L. McMORROUGH
v.
Patricia Y. McMORROUGH.
2040144.
Court of Civil Appeals of Alabama.
August 26, 2005.
*512 Daniel E. Boone, Florence, for appellant.
Lindsey Mussleman Davis of Holt, Mussleman, Holt & Morgan, Florence, for appellee.
*513 PITTMAN, Judge.
Theodore L. McMorrough ("the former husband") appeals from a judgment of the Lauderdale Circuit Court finding him in contempt for failing to follow certain provisions of the trial court's judgment divorcing him from Patricia Y. McMorrough ("the former wife").
After 26 years of marriage, the parties were divorced on January 17, 2003. The divorce judgment awarded the former wife the marital residence and ordered her to pay the outstanding indebtedness on that property. The former husband was ordered to pay $750 in monthly child support and $1,000 in monthly periodic alimony; additionally, the former husband was ordered to pay the former wife a lump sum of $90,000 as alimony in gross. The former husband appealed, asserting errors in the trial court's division of property, awards of alimony and attorney fees, and entry of the divorce judgment based on the former husband's adultery; however, this court affirmed the trial court's judgment without opinion on November 21, 2003. See McMorrough v. McMorrough, (No. 2020631) 898 So.2d 926 (Ala.Civ.App. 2003) (table).
On January 20, 2004, the former wife filed a motion for a finding of contempt in which she asserted that the former husband had failed to make the court-ordered periodic-alimony payments and had failed to pay her the $90,000 alimony-in-gross award.[1] The former husband filed an answer in which he denied being in contempt of court and asserted that he was unable to make those court-ordered payments to the former wife.
The trial court conducted an ore tenus proceeding on November 8, 2004, and entered a judgment the same day. In that judgment, the trial court found the former husband to be in contempt as to each occasion that he had failed to make his monthly alimony payment (a total of 31 times) and also found him in contempt of court for failing to pay the alimony in gross set forth in the divorce judgment. The trial court sentenced the former husband to 5 days of incarceration for each of the 32 separate acts of contempt, or a total amount of 160 days; that sentence was suspended for two years contingent upon the former husband's compliance with the terms of the divorce judgment and service of 30 of the 160 days in the Lauderdale County Work Release Center. The former husband filed a notice of appeal the day after the contempt judgment was entered.
The former husband challenges the trial court's judgment holding him in contempt of court and asserts that he is unable to pay the court-ordered amounts to the former wife; he challenges only the liability aspect of the contempt judgment, not the sentence. When a trial court bases its decision on ore tenus evidence, its judgment is presumed to be correct and will not be reversed on appeal absent a finding of a plain and palpable abuse of discretion. See Somers v. McCoy, 777 So.2d 141, 142 (Ala.Civ.App.2000), and Scholl v. Parsons, 655 So.2d 1060, 1062 (Ala.Civ.App.1995). The determination of whether a party is in contempt of court rests entirely within the sound discretion of the trial court, and, "`absent an abuse of that discretion or unless the judgment of *514 the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.'" Gordon v. Gordon, 804 So.2d 241, 243 (Ala.Civ.App. 2001) (quoting Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994)); see also Stamm v. Stamm, 922 So.2d 920 (Ala.Civ.App.2004).
Moreover, the purpose of civil contempt is to effectuate compliance with court orders, not to punish the contemnor. Watts v. Watts, 706 So.2d 749, 751 (Ala. Civ.App.1997). The former husband admitted that he had never paid more than $250 per month on the court-ordered $1,000-per-month periodic alimony obligation before stopping payments altogether. Additionally, he admitted that he had been able to pay his living expenses in Florida throughout the time he was delinquent in his alimony payments.
The former husband's sole argument is that the former wife failed to establish his ability to pay the court-ordered payments, and, therefore, he insists that the trial court could not find him in contempt. He relies primarily on Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App. 1981), and Watts v. Watts, supra, to support his contention that his inability to pay prevented the trial court from holding him in contempt of court. The former husband's reliance on those two cases is misplaced.
In Thomas, this court reversed a trial court's judgment that found a nonpaying spouse in contempt. In pertinent part, we held that when a delinquent payor presents evidence of an inability to pay as a defense to a charge of contempt, the burden of proof falls upon the payee to show "beyond a reasonable doubt" that the payor can pay. Thomas, 406 So.2d at 942. However, the facts in this case indicate that the former wife did present evidence from which the trial court could have concluded that the former husband was contumaciously refusing to pay the court-ordered periodic-alimony and alimony-in-gross awards. The parties' divorce judgment, offered into evidence by the former wife without objection by the former husband, contains the following language:
"The court finds that the [former] husband has fraudulently disposed of marital assets over the past two years in an effort to avoid an equitable division of property with the [former] wife."
Although the former husband challenged the correctness of that portion of the divorce judgment, which was the basis of the alimony-in-gross award, in the previous appeal, this court affirmed the divorce judgment as to that issue. "`Under the doctrine of the "law of the case," whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.'" Stephens v. Stephens, 699 So.2d 194, 196 (Ala.Civ.App. 1997) (quoting Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987)). See also Mims v. Mims, 472 So.2d 1063 (Ala. Civ.App.1985) (trial court could incarcerate former husband for consistently failing to pay monthly alimony based, in part, on the previous history of the case). We conclude that the factual finding contained in the divorce judgment and the law-of-the-case doctrine support the trial court's determination that the former husband was not unable to pay the court-ordered alimony but was merely unwilling to pay that alimony to the former wife.
Watts, the second case cited by the former husband, actually supports the trial court's finding the former husband in contempt and ordering the incarceration, albeit work-release, of the former husband in this case. In Watts, this court upheld a *515 trial court's determination that a nonpaying spouse was in contempt of court and was to be incarcerated until his arrearage was satisfied. This court concluded that the trial court's findings of fact based on conflicting testimony and evidence in that case as to obligor's ability to pay was sufficient to support the judgment. Watts, 706 So.2d at 751-52. The facts are not dissimilar in that the divorce judgment in this case included a factual finding that the former husband had secreted marital assets in order to prevent an equitable property division upon divorce; the former husband's disposal of assets prompted the trial court's alimony-in-gross award. Additionally, the former wife, who had not worked outside the home during the parties' 26-year marriage, was awarded monthly periodic alimony in the amount of $1,000 in the divorce judgment.
Although the divorce judgment did not specifically note that the former husband had become unemployed shortly before the divorce trial, the testimony in the contempt proceeding indicates that the former husband stopped working as an airplane mechanic (his former occupation) sometime in late 2002 just before the divorce judgment was entered. The former husband testified that following his relocation to Florida after the parties' divorce, he had worked only occasionally as a building subcontractor in order to bring his child-support obligation current by the time of the contempt hearing. He testified that he had paid only $250 each month toward the $1,000-per-month periodic-alimony obligation for the first 17 months following the divorce and that he had paid nothing to satisfy the periodic-alimony obligation after that time. The former husband stated that after he completed his last subcontracting job seven months before the contempt hearing, he had been unable to find other similar work opportunities. Although the former husband also testified that he was in the process of preparing to take the Florida insurance-board examination in order to open an insurance business there, the trial court also heard the former husband testify that he had received a lawsuit settlement in the amount of at least $300,000, that he had completely spent that money, and that he had paid the former wife no portion of that settlement. Additionally, the former husband's testimony established that he had been able to meet his personal monthly obligations during the time that he had lived in Florida, which corresponded to the same time that he claimed to have been unable to make monthly alimony payments due to an inability to pay.
Taken in its entirety, the former husband's testimony could be considered by the trial court as evidence of underemployment and/or an ability to pay for purposes of determining whether his noncompliance with the divorce judgment was contumacious conduct. Although the former husband claimed an inability to pay, he offered no substantive evidence of that inability such that the burden referenced by Judge Crawley in his dissent would have shifted to the former wife. As noted in Watts, "This court is not allowed to substitute its judgment for that of the trial court when the trial court's decision is supported by reasonable inferences that can be derived from the ore tenus evidence presented." 706 So.2d at 751. Under the circumstances of this case, we conclude that the trial court did not abuse its discretion in finding the former husband in contempt and in ordering his incarceration. Based on the evidence presented at trial, we conclude that the trial court could have reasonably determined that the former husband had access to, or could earn, money with which to purge himself of contempt.
*516 Alabama law is well established that a trial court has the power to enforce its judgment and to enter such orders as may be necessary to render a judgment effective. See, e.g., Atchison v. Atchison, 646 So.2d 72, 73 (Ala.Civ.App.1994), and Patchett v. Patchett, 469 So.2d 642, 644 (Ala.Civ.App.1985). The fact that the former husband was ordered to be incarcerated in a local work-release facility (and to have his wages earned there divided between the former wife, the court, and himself) indicates that the trial court was apprised as to just how obstreperous the former husband had been. See, e.g., Mims, supra. The sentence seems particularly well-crafted to encourage the former husband to fulfill his court-ordered obligations in the future, on pain of true incarceration. All of those factors militate in favor of this court's affirmance of the contempt judgment.
Based on the foregoing facts and authorities, the trial court's judgment is due to be affirmed. In addition, the former wife's request for an appellate attorney fee is granted in the amount of $1,000.
AFFIRMED.
THOMPSON, J., concurs.
BRYAN, J., concurs in the result, without writing.
CRAWLEY, P.J., dissents, with writing, which MURDOCK, J., joins.
MURDOCK, J., dissents, with writing.
CRAWLEY, Presiding Judge, dissenting.
I dissent from the affirmance of the trial court's finding that the former husband is in contempt because the former wife failed to establish beyond a reasonable doubt that the former husband had the present ability to pay.
"The standard of review in a civil contempt case was clarified by this court in Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ. App.1994), as follows:
"`[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.'"
Boykin v. Boykin, 659 So.2d 664, 666 (Ala. Civ.App.1995). An inability to pay is an affirmative defense to a charge of contempt. Thomas v. Thomas, 406 So.2d 939, 942 (Ala.Civ.App.1981). When the defendant presents evidence of an inability to pay, then the burden of production shifts to the complainant; the complainant must prove beyond a reasonable doubt that the defendant has the ability to pay. Watts v. Watts, 706 So.2d 749, 751 (Ala.Civ.App. 1997).
The main opinion states that "[a]lthough the former husband claimed an inability to pay, he offered no substantive evidence of that inability" and, therefore, the burden to show an ability to pay beyond a reasonable doubt did not shift to the former wife. 930 So.2d at 515. That the former husband produced evidence of his inability to pay is irrefragable. The former husband's testimony regarding his inability to pay is substantive evidence that is sufficient to shift the burden to the former wife. See Pardue v. Pardue, So.2d 857 (Ala.Civ.App. 2005); and King v. King, 620 So.2d 56 (Ala.Civ.App.1993).
The former husband testified that he is currently unemployed. He testified that he had been employed but had been laid off. The former husband testified that he was willing to pay but that he simply did not have the ability to do so. The former husband also testified that while he had *517 been unable to pay the entire amount of his obligations when he was employed, he had, nonetheless, paid what he could afford.
The former wife offered no proof to the trial court of the former husband's ability to pay. The only proof adduced at trial of the former husband's ability to pay was the prior divorce judgment of which the trial court took judicial notice. The divorce judgment provides:
"11. Alimony in Gross: The court finds that the [former] husband has fraudulently disposed of marital assets over the past two years in an effort to avoid an equitable division of the property with the [former] wife. Therefore, the [former] husband shall pay to the [former] wife the lump sum of Ninety Thousand Dollars ($90,000), as alimony in gross to the [former] wife. The amount shall be paid within ninety (90) days after this [judgment]."
Arguably, this finding supports the inference that the former husband does not, in fact, have the ability to pay. The trial court found that the former husband "disposed" of the marital assets. Even if the court could impute to the former husband income for the purposes of calculating a distribution of assets, it could not rely on those imputed assets to jail the former husband in a collateral proceeding for contumacious nonpayment because, obviously, the former husband does not have the money; otherwise, there would be no need to impute income to the former husband.
Even if the trial court were to use the finding in the divorce proceeding to demonstrate that the former husband has the ability to pay, it is still insufficient to meet the former wife's burden of proof. The applicable burden of proof is beyond a reasonable doubt. The finding that the former husband fraudulently disposed of marital assets was made under a preponderance-of-the-evidence standard. Cf. Morrison v. State, 267 Ala. 1, 2, 100 So.2d 744, 745 (1957)(citing the differences in the burden of proof as a reason that "`"it is generally held that a judgment or opinion in a civil action, or the record of proceedings therein, is not admissible in a subsequent criminal prosecution [employing the beyond-a-reasonable-doubt standard] involving the same matter"'") (quoting Helms v. State 35 Ala.App. 187, 188, 45 So.2d 170, 171 (1950), quoting in turn 22 C.J.S. Criminal Law § 50); and Loper v. State, 469 So.2d 707, 710-11 (Ala.Crim. App.1985)("It is hornbook law in Alabama that a judgment in a civil case is not conclusive as res judicata in a criminal case, or vice versa, there being ... different degrees of proof ... required.").
Regardless, the former wife ultimately failed to adduce sufficient evidence showing beyond a reasonable doubt that the former husband had the ability to pay. Indeed, the only evidence regarding the former husband's ability to pay was the divorce judgment of which the trial court took judicial notice. This is insufficient to prove beyond a reasonable doubt that the former husband had the ability to pay.
I would reverse the contempt judgment and remand the case to the trial court; therefore, I must dissent.
MURDOCK, J., concurs.
MURDOCK, Judge, dissenting.
I join Presiding Judge Crawley's dissenting opinion.
I write separately to note further that, in my opinion, the principle of the law of the case relied upon in the main opinion is inapplicable to the disposition of the factual issues that are presented in the present case.
NOTES
[1] The former wife also contended that the former husband had failed to make his monthly child-support payments, but the parties stipulated at trial that the former husband was current in those payments by the time of trial.