SELLERS, Justice.
The Town of Hayneville ("the Town") and Carol Scrushy petition this Court for a writ of mandamus directing the Lowndes Circuit Court to vacate its July 7, 2017, order denying the Town and Scrushy's motion to dismiss what they characterize as an election contest filed by Darshini Bandy, Connie Johnson, and Justin Pouncey (hereinafter referred to collectively as "the electors") and to enter an order dismissing the electors' action. We deny the petition.
Facts and Procedural History
The Town's governing body is composed of three council members from District A; two council members from District B; and the mayor, who also serves on the council. On August 26, 2016, the Town held its quadrennial general election to elect a mayor and five council members. The winners of the election would take office in *640 November 2016. Mayor David Daniel won in a run-off election. Cynthia Perryman and Sharon Reeves received the majority of votes for the council members for District B. As for District A, the following five candidates were on the ballot and received the following number of votes: incumbent Kim Payton (129 votes); Roy Meadows (102 votes); Lula Tyson-Bailey (93 votes); incumbent Carol Scrushy (85 votes) and incumbent Rickey Bell (71 votes). Pursuant to § 11-46-55, Ala. Code 1975,[1] the Town's governing body timely met and declared Perryman and Reeves the winners of the council seats for District B and issued certificates of election to them. However, the Town's governing body refused to declare the winners of any of the three council seats for District A.
On August 29, 2016, Scrushy and Bell filed an election contest challenging Meadow's eligibility to serve as a council member for District A. After conducting a hearing, the circuit court entered an order declaring the election of Meadows to be void, certifying this fact to the Town's governing body and directing the Town's governing body to fill the vacant council position in accordance with the State's election laws.
On November 3, 2016, the electors filed in the circuit court a petition for a writ of mandamus, asking the circuit court to direct the Town's governing body to perform its duties under § 11-46-55(a) and to declare Payton and Tyson-Bailey the winning candidates for two of the council seats of District A and to issue to them certificates of election.[2]
On January 5, 2017, the circuit court granted the electors' petition and entered an order directing that Payton and Tyson-Bailey be sworn in as council members for District A. Specifically, the court determined that Payton and Tyson-Bailey had been duly elected to serve as council members for District A; that no contest had been filed regarding Payton's and Tyson-Bailey's candidacies; and that the Town's governing body had failed to perform its ministerial duties under § 11-46-55(a) to declare Payton and Tyson-Bailey the winners of two of the council seats of District A and to issue to them certificates of election. The court noted in its order that it reserved the authority to enforce its order.
The Town's governing body issued the certificates of election to Payton and Tyson-Bailey, and they were sworn in as council members. After Payton and Tyson-Bailey *641 were sworn in, however, Mayor Daniel and Payton failed or refused to attend any council meetings, thereby denying the Town's governing body a quorum and, more specifically, not allowing it to fulfill its obligation to fill the vacant council seat that existed in District A. After the council seat had remained unfilled for more than 90 days, then Governor Robert Bentley directed the probate judge to call a special election to fill the vacancy. See § 11-44G-1, Ala. Code 1975.[3]
On February 6, 2017, the probate judge issued an order calling the special election for March 21, 2017, and declaring that Bell and Scrushy were to be the only candidates on the ballot. Mayor Daniel thereafter posted notice of the special election on the front of the town hall. After the announcement of the special election, Pouncey, one of the electors, attempted to file the necessary paperwork to have his name appear as a candidate on the ballot for the special election. The Town clerk refused to accept his paperwork based on the probate court's order limiting the ballot to only two candidates: Bell and Scrushy.
On March 10, 2017, the electors moved the circuit court to enforce its prior orders directing strict compliance with the election laws and, more specifically, to direct the Town's governing body to accept Pouncey's paperwork to qualify as a candidate, to place his name on the ballot, and to allow him to stand for election to fill the vacant council seat in District A.
On March 17, 2017, the circuit court entered an order holding that the date set for the special election was defective as a matter of law because the date fell on the third Tuesday in March, which is not one of the Tuesdays allowed by statute. See § 11-46-21(b), Ala. Code 1975.[4] The circuit court further held that, in setting the date for the special election, the probate court did not comply with the notice requirements of § 11-46-22(a), Ala. Code 1975,[5] which requires a minimum of two months' notice of the special election. Because of the illegal scheduling of the special election, the circuit court ordered the Town's *642 governing body to provide a new and legal special-election date, to give the required notice of the election, to set the qualifying deadlines for qualified electors who desired to be candidates, and to otherwise proceed with the special election to fill the vacant council seat in District A. The circuit court again stated in its order that it retained jurisdiction "to enforce this and all previous orders regarding the August 2016 election and the special election to fill the vacancy in District A." Mayor Daniel provided the circuit court with a special-election date of May 23, 2017; the election resulted in Scrushy's receiving the majority of votes for the vacant council seat in District A. Despite the fact that Scrushy received the majority of votes, the Town's governing body did not meet to certify and declare her the winner of the special election.
On May 26, 2017, the electors filed a "second motion to enforce prior orders," asking the circuit court to declare the May 23, 2017, special election invalid on the basis that the Town's governing body was usurped of its mandatory role in ordering the special election. Specifically, the electors asserted that the Town's governing body failed to comply with § 11-46-21(b), which states, in part, that "[s]pecial elections shall be held on the second or fourth Tuesday of any month when ordered by the municipal governing body." (Emphasis added.) The electors further asserted that, pursuant to § 11-46-27(a), Ala. Code 1975, the Town's governing body or a majority thereof "must ... appoint from the qualified electors of the respective wards or voting districts officers to hold the election." The electors finally asserted that, in this case, it was legally impossible for the Town's governing body to order the special election because Mayor Daniel and Council Member Payton refused to attend council meetings, thereby denying a quorum of the council to order the special election and/or to appoint qualified electors to hold the election.
On June 6, 2017, the Town moved the circuit court to enforce its prior orders and, more specifically, to declare Scrushy the winner of the May 23, 2017, special election and to order that she be sworn in as a member of the Town council.[6] The Town also moved the circuit court to dismiss the electors' second motion to enforce prior orders on the basis that the motion to enforce was an election contest over which the circuit court did not have subject-matter jurisdiction.
On June 20, 2017, the circuit court conducted a hearing on the parties' respective motions, and on July 7, 2017, it entered an order declaring void the May 23, 2017, special election as illegal. The circuit court made the following findings in its order:
"After considering the pleadings, motions, arguments of counsel, together with the testimony of the witnesses, the Court is of the opinion that [Mayor Daniel] willfully and deliberately chose not to follow the prior Orders of this Court requiring the town officials to strictly follow the Alabama statutes that govern municipal elections. [Mayor Daniel] admitted during his testimony that he and another council person, Kim Payton, failed to attend a single regularly scheduled council meeting in 2017, which had the effect of preventing any council action for lack of a quorum. There was credible evidence that the other three members of the current council, [Tyson-Bailey, Reeves, and Perryman], were present at the town hall for each regularly *643 scheduled meeting and all were ready, willing and able to meet as a member of the council and execute their duties as council members, all without success because of the lack of a quorum.
"The sanctity of the election process requires strict adherence to the laws enacted by the Alabama Legislature governing the conduct of elections in Alabama. Alabama municipal elections are governed by Alabama Code [1975, §] 11-46-1 et seq.The action(s) and or inaction(s) of [Mayor Daniel] prevented the town council from performing its lawful duties regarding the special election because [Mayor Daniel] took it upon himself to set the special election for May 23, 2017, without the knowledge or permission of the town council. Alabama Code [1975, §] 11-46-21(b) [,] requires special elections to be ordered by the municipal governing body, which did not happen for the reasons set out herein. In addition to ignoring the legal requirement, he ignored the clear and unambiguous prior orders of this Court mandating strict compliance with the municipal election laws and directing that [Mayor Daniel] and [the] town council participate in the election process mandated by Alabama law. Consequently, the Court has no choice other than to declare the May 23, 2017, election to be illegal and void;
"It is further ORDERED that [Mayor Daniel, Payton, Tyson-Bailey, Reeves, and Perryman] are ordered and directed to appear at the Hayneville Town Hall at 7:00 p.m. on Monday, July 10, 2017, and then and there meet as a town council and conduct such business as the council chooses to conduct until the council meeting is either lawfully continued or adjourned. In the event any council person does not meet at the appointed time and conduct themselves in accord with this Order, the absent member or members will subject themselves to contempt proceedings which may result in a monetary penalty or jail time, until such time as the council is able to meet with a quorum present, so the council can conduct business of the town for the benefit of its citizens.
"Any relief not expressly granted herein is hereby denied. The Court expressly retains jurisdiction to enforce this and all previous orders regarding the issues in this case."
(Emphasis added.)
On July 10, 2017, the Town's governing body met as directed, presumably to order the special election to fill the vacant council seat in District A. At some point before the meeting, the probate judge entered an order purporting to void all the orders entered by the circuit court concerning the special election, declaring Scrushy to be the duly elected winner of the vacant District A council seat, and directing that Scrushy be sworn in as a council member for District A. According to the electors, since the probate court entered its order declaring Scrushy to be the duly elected winner of the vacant District A council seat, Scrushy attended and has continued to attend all council meetings.
On August 4, 2017, the circuit court entered an order reaffirming its July 7, 2017, order declaring the May 23, 2017, special election void. This petition for a writ of mandamus followed.
Standard of Review
"A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: " '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' "
*644 Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001) )."
Ex part Alabama Dep't of Corr., 252 So.3d 635, 636 (Ala. 2017).
Discussion
Scrushy and the Town correctly state that a petition for a writ of mandamus is the proper method for challenging a circuit court's jurisdiction in an election contest. See Ex parte Williams, 613 So.2d 1266, 1267 (Ala. 1993). In this case, Scrushy and the Town characterize the electors' "second motion to enforce prior orders" as purporting to be an election contest filed pursuant to § 11-46-69(a), Ala. Code 1975.[7] Scrushy and the Town specifically assert that the circuit court did not have subject-matter jurisdiction over an election contest because, they say, no one had been declared the winner of the special election. See Smith v. Burkhalter, 28 So.3d 730, 736 (Ala. 2009) (holding that "[o]nly the election of a 'person declared elected' may be contested under § 11-46-69"). Scrushy and the Town further assert that, even if someone had been declared the winner of the May 23, 2017, special election, the circuit court still lacked subject-matter jurisdiction over an election contest because, they say, the electors failed to follow the statutory requirements set forth in § 17-16-56, Ala. Code 1975.
This Court declines to accept Scrushy and the Town's characterization of the electors' second motion to enforce prior orders as an election contest. The circuit court expressly stated in its January 5, 2017, and March 17, 2017, orders that it retained jurisdiction to enforce its orders concerning the August 2016 election and the special election to fill the vacant council seat in District A. The circuit court's March 17, 2017, order made clear that the Town's governing body had a duty to conduct the special election in accordance with the State's election laws:
"It is Town of Hayneville's duty and obligation, and those of the council members, and the town's agents, servants and employees to conduct elections according to the statutes and rules governing the same as provided by the Alabama Legislature. The mayor, town council, and the town's agents, servants and employees are hereby ordered and directed to forthwith conduct this special election in accordance with the provisions of Alabama Code [1975, §] 11-46-1 et seq."
(Emphasis added.)
The electors admittedly did not challenge the results of the May 23, 2017, special election and, in fact, had no standing to do so when no one had been "declared" the winning candidate of the election pursuant to § 11-46-69(a). Rather, the electors moved the circuit court to enforce its prior orders directing strict compliance with the State's election laws, which would allow the Town council members to perform their lawful duties regarding the special election. As previously indicated, the electors asserted in their second *645 motion to enforce prior orders that the May 23, 2017, special election was invalid because Mayor Daniel had failed to comply with the circuit court's prior orders and, more specifically, with § 11-46-21(b), which states, in part, that "[s]pecial elections shall be held ... when ordered by the municipal governing body." (Emphasis added). The circuit court's July 7, 2017, order reflects that Mayor Daniel set out to deliberately and consciously disobey the circuit court's orders, a fact the court recognized when it stated that Mayor Daniel had willfully "prevented the town council from performing its lawful duties regarding the special election because the mayor took [it] upon himself to set the special election for May 23, 2017, without the knowledge or permission of the town council." (Emphasis added.) The circuit court further found that Mayor Daniel and Payton failed to attend a single regularly scheduled meeting in 2017, which had the effect of preventing any council action during that time for a lack of a quorum.
For the foregoing reasons, we conclude that the circuit court had the power to enforce its prior orders and to void the May 23, 2017, special election, which, the court found, had not been ordered in strict compliance with the State's election laws. To this extent, the circuit court correctly directed Mayor Daniel and the Town council members to meet on July 10, 2017, to conduct business and, more specifically, to follow this State's election laws in ordering a special election to fill the vacant council seat in District A or otherwise to be subject to contempt proceedings. See § 12-1-7, Ala. Code 1975 (providing that "[e]very court shall have the power ... to compel obedience to its judgments, orders and process and to orders of a judge out of court, in an action or proceeding therein"). See also McMorrough v. McMorrough, 930 So.2d 511, 516 (Ala. Civ. App. 2005) (noting that "Alabama law is well established that a trial court has the power to enforce its judgment and to enter such orders as may be necessary to render a judgment effective"); and Grayson v. Grayson, 628 So.2d 918, 920 (Ala. Civ. App. 1993) (noting that "[t]he United States District Court commented in Jones v. Cleland, 515 F.Supp. 212 (N.D. Ala. 1981), that a motion to enforce a judgment is the proper method to pursue the enforcement of that judgment").
Conclusion
The July 7, 2017, judgment of the circuit court enforcing its prior orders concerning the August 2016 election and the special election to fill the vacant council seat in District A is a valid judgment. Accordingly, Scrushy and the Town are not entitled to the relief they seek--a writ directing the circuit court to dismiss its July 7, 2017, judgment enforcing its prior orders.
PETITION DENIED.
Stuart, C.J., and Bolin, Wise, and Mendheim, JJ., concur.
Bryan, J., concurs in the result.
Parker, Shaw, and Main, JJ., dissent.

Section 11-46-55 provides, in relevant part:
"(a) Commencing at 12:00 noon on the first Tuesday next after the election, the municipal governing body shall proceed to open the envelopes addressed to the governing body which have been delivered by the several returning officers to the municipal clerk, canvass the returns, and ascertain and determine the number of votes received by each candidate and for and against each proposition submitted at the election. If it appears that any candidate or any proposition in the election has received a majority of the votes cast for that office or on that question, the municipal governing body shall declare the candidate elected to the office or the question carried, and a certificate of election shall be given to the persons by the municipal governing body or a majority of them, which shall entitle the persons so certified to the possession of their respective offices immediately upon the expiration of the terms of their predecessors as provided by law...."

On November 11, 2016, the Town filed in the federal court an action challenging, as void, the August 26, 2016, council election for District A or, in the alternative, seeking a declaration that Payton, Tyson-Bailey, and Scrushy were the winners of the District A council election. On the same day, the Town filed in the circuit court a motion to dismiss the electors' petition for a writ of mandamus or, in the alternative, a motion to stay the petition pending a ruling in the federal court action.

Section 11-44G-1 provides, in relevant part:
"(a)(1) A vacancy in the office of city council member in any Class 7 or Class 8 municipality shall be filled by the city council at the next regular meeting or any subsequent meeting of the council. The person elected shall hold office for the unexpired term. In the event a vacancy is not filled within 60 days after it occurs in a Class 7 or Class 8 municipality, each existing city council member, including the mayor, may submit a name to the Governor for appointment. If the Governor fails to make an appointment from any submitted names within 90 days after the vacancy occurs, the judge of probate shall call a special election to fill the vacancy."

Section 11-46-21(b) provides, in relevant part:
"Special elections shall be held on the second or fourth Tuesday of any month when ordered by the municipal governing body, provided that notice of such election shall be published in the manner prescribed in Section 11-46-22 on or before the corresponding Tuesday of the second month preceding the month in which the special election is to be held."

Section 11-46-22(a) provides, in relevant part:
"When the notice is of a special election to be held on the second Tuesday in a month, the notice shall be published on or before the second Tuesday of the second month preceding the month in which the election will be held, except where otherwise provided by law. When the notice is of a special election to be held on the fourth Tuesday of a month, the notice shall be published on or before the fourth Tuesday of the second month preceding the month in which the election will be held, except where otherwise provided by law...."

As indicated in note 2, supra, the Town entered an appearance in November 2016 by filing a motion to dismiss the electors' petition for a writ of mandamus or, alternatively, to stay the petition pending a ruling in the action it had filed in the federal court.

Section 11-46-69(a) provides that "[t]he election of any person declared elected to any office of a city or town may be contested by any person who was at the time of the election a qualified elector of such city or town." Section 11-46-69(b), Ala. Code 1975, provides that "[s]uch contest shall be instituted in the manner prescribed by [§ 17-16-56, Ala. Code 1975]," which provides:
"[T]he party contesting must file in the office of the clerk of the circuit court of the county in which the election was held, a statement in writing, verified by affidavit, of the grounds of the contest as provided in this article and must give good and sufficient security for the costs of the contest, to be approved by the clerk."